Suzanne H. Williams *v.* F. Kent Sistare, Jr.,
Administrator (Estate of Cornelius
R. Hoelck, Jr.)

Superior Court     Judicial District of     File No. 057553
New London

Memorandum filed May 1, 1980

*Wilensky & Schwartz,* for the plaintiff.

*Sistare & Regan,* for the defendant.

Goldberg, J. The plaintiff, Suzanne Hoelck Williams, has brought this action against F. Kent Sistare, Jr., in his capacity as administrator of the estate of Cornelius R. Hoelck, Jr., and is seeking the proceeds of a certain life insurance policy. The defendant has admitted the material allegations of the complaint but denies that they furnish any legal basis for the relief sought.

Cornelius R. Hoelck, Jr., was insured with life insurance by the Phoenix Mutual Life Insurance Company of Hartford, Connecticut. On April 4, 1972, Cornelius R. Hoelck, Jr. completed a group insurance enrollment card wherein he designated as primary beneficiary Suzanne Hoelck, now by marriage known as Suzanne Hoelck Williams.

On April 2, 1974, the plaintiff and Cornelius R. Hoelck, Jr., were issued a judgment dissolving their marriage. The dissolution judgment ordered that Hoelck maintain Suzanne Hoelck "as beneficiary on

his life insurance policy in a face amount of not less than $17,000.00 until such time as the plaintiff shall remarry."

Suzanne Hoelck remarried on July 30, 1977, and is now known as Suzanne Hoelck Williams. Cornelius R. Hoelck, Jr., died on December 8, 1978. At no time did he change the designated beneficiary of the life insurance policy. The defendant, as administrator of the deceased's estate, claims that the plaintiff is not entitled to the proceeds as a result of the dissolution judgment and her subsequent remarriage.

The plaintiff has filed the present motion for summary judgment. Summary judgment must be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book, 1978, § 384.

In the present case, the facts are not in dispute. The only issue is whether the dissolution judgment and the plaintiff's subsequent remarriage terminated her interest in the proceeds of the life insurance policy as a matter of law.

Prior to the dissolution judgment, the plaintiff was the named beneficiary of the policy in question. The dissolution judgment ordered that Hoelck "maintain the plaintiff as beneficiary on his life insurance policy in a face amount of not less than $17,000.00 until such time as the plaintiff shall remarry." The plaintiff subsequently remarried, but the deceased never acted to change the beneficiary. The plaintiff remained the named beneficiary of the policy at the date of Hoelck's death.

As a general rule, a change of beneficiary of an insurance policy can be effected only by following the procedure prescribed by the policy. *Aetna Life*

*Ins. Co.* v. *Hartford National Bank & Trust Co.,* 146 Conn. 537, 541; *Bachrach* v. *Herrup,* 128 Conn. 74, 76. There is an exception to this rule, in that a change of beneficiary can be effective when the insured has done everything in his power to comply with the procedure set out in the policy but has failed because of some circumstances beyond his control. *Id.* This exception is narrowly defined in that proof of intention alone is insufficient; the insured must take substantial affirmative action to effectuate a change of beneficiary. *Franck* v. *Equitable Life Ins. Co.,* 203 F.2d 473, 477; *Aetna Life Ins. Co.* v. *Hartford National Bank & Trust Co.,* supra.

In the present case, the dissolution judgment required the insured to maintain the plaintiff as beneficiary of the policy until such time as she remarried. There is no evidence that he intended to change the beneficiary once she remarried. In the sixteen months between the plaintiff's remarriage and the insured's death, the insured did not take any steps to effectuate a change of beneficiary.

In his brief in opposition to the motion for summary judgment, the defendant cites several cases collected in an annotation in 70 A.L.R.3d 348. All of those cases dealt with factual situations in which a dissolution decree settling property rights ordered that life insurance policies become the property of the husband, but the husband thereafter neglected to change the beneficiary.

The dissolution judgment in the present case did not order that the insurance policy become the property of the husband. The decree ordered that he maintain the policy with the plaintiff as beneficiary until such time as she remarried.

Subsequent to the plaintiff's remarriage, it was within the power of the insured to change the bene-

ficiary. In the sixteen months between her remarriage and his death, he did not do so. Accordingly, the plaintiff is entitled to the proceeds of the policy and her motion for summary judgment is granted.