### 68069. OWEN et al. v. MOBLEY CONSTRUCTION COMPANY, INC. et al.

BENHAM, Judge.

Appellants/homeowners filed suit on November 23, 1982, against appellee Mobley Construction Company, Inc. ("Mobley") and Modern Roofing & Metal Works, Inc., alleging that appellee and Modern Roofing had improperly replaced the roofing on appellants' home. Appellee Mobley moved for summary judgment on the ground that all of appellants' claims were barred by the expiration of the applicable periods of limitation. The trial court agreed and summary judgment for Mobley was entered. This appeal ensued.

1. "All actions upon promissory notes, drafts, or other simple contracts in writing shall be brought within six years after the same become due and payable." OCGA § 9-3-24. " 'Under Georgia law, the statute of limitations runs from the time the contract is broken "and not at the time the actual damage results or is ascertained." ' [Cits.]" *Space Leasing Assoc. v. Atlantic Bldg. Systems*, 144 Ga. App. 320 (2) (241 SE2d 438) (1977). In *Space Leasing*, this court held that any breach of contract based upon installation defects accrued when the building was substantially completed and the contract became due and payable. When the facts of the present case are measured against the *Space Leasing* yardstick, appellants' cause of action falls short. The roofing project was completed on September 13, 1976, and the final payment was made by appellants in September 1976. The six-year statute of limitation started running on that date and had expired by the time appellants filed their action in November 1982. *Space Leasing Assoc. v. Atlantic Bldg. Systems*, supra. See also Nat. Hills Shopping Ctr. v. Ins. Co. of N. America, 320 FSupp. 1146 (S.D. Ga. 1970).

Appellants attempt to revive their contractual cause of action by invoking the discovery rule first enunciated by this court in *King v. Seitzingers, Inc.*, 160 Ga. App. 318 (287 SE2d 252) (1981). However, application of that rule has been limited to cases in which the existence of a continuing tort has been alleged. See *McAuley v. Wills*, 251 Ga. 3 (303 SE2d 258) (1983). The discovery rule having no application to a case in which a breach of contract is alleged, the trial court did not err in granting summary judgment based on the expiration of the statute of limitation in contractual disputes.

2. Appellants' claim for fraud against Mobley is also barred by

the statute of limitation. "[T]he claim arose in [1976] when the roof began to leak. This was sufficient to put [appellants] on notice that [appellee] may have been responsible in some way for the damages. A party must exercise ordinary diligence to discover fraud. [Cit.]" *Tolar Constr. Co. v. GAF Corp.*, 154 Ga. App. 127, 128 (267 SE2d 635) (1980), revd. on other grounds, 246 Ga. 411 (271 SE2d 811) (1980). Appellants did not file suit until 1982, at which time the four-year statute of limitation contained in OCGA § 9-3-31 had expired.

Citing OCGA § 9-3-96, appellants claim that the statute of limitation was tolled by appellee's alleged fraudulent concealment of the cause of the leaking roof. " ' "Fraud which tolls the statute of limitations must be such actual fraud as could not have been discovered by the exercise of ordinary diligence, in the absence of any confidential relation. [Cits.] The statute of limitation is tolled until the actual fraud is discovered or by reasonable diligence *should have been discovered.* [Cit.] Mere ignorance of facts constituting a cause of action does not prevent the running of a statute of limitations." [Cits.]' " *Gerald v. Doran*, 169 Ga. App. 22, 23 (311 SE2d 225) (1983). See also *Kerce v. Bent Tree Corp.*, 166 Ga. App. 728 (305 SE2d 462) (1983).

Appellants attempt to avoid the necessity of exercising reasonable care by arguing that they had a confidential relationship with appellee. See *Shipman v. Horizon Corp.*, 245 Ga. 808 (267 SE2d 244) (1980). However, "[t]he mere fact that one reposes trust and confidence in another does not create a confidential relationship." *Limoli v. First Ga. Bank*, 147 Ga. App. 755, 758 (250 SE2d 155) (1978). Since appellants have not presented statutory or contractual evidence of a special relationship imposed upon appellee to protect the rights of appellants to the exclusion of those of anyone else, OCGA § 9-3-96 does not come into play to toll the applicable statute of limitation. Id. Therefore, the trial court did not err in its grant of summary judgment to appellee.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED JULY 2, 1984.

*Ben Swain McElmurray, Jr.*, for appellants.
*Robert C. Norman, Roy V. Harris, N. Gail Duffie*, for appellees.