## 70109. MODERN ROOFING & METAL WORKS, INC.
## v. OWEN et al.
### (332 SE2d 14)

CARLEY, Judge.

Appellee filed suit against Mobley Construction Company, Inc. (Mobley) and appellant Modern Roofing and Metal Works, Inc., alleging that Mobley and appellant had improperly replaced the roofing on appellees' house. Mobley subsequently moved for summary judgment on the ground that appellees' claims were barred by the expiration of the applicable statutes of limitation. Mobley's motion was granted and appellees appealed. This court affirmed the grant of summary judgment in favor of Mobley. *Owen v. Mobley Constr. Co.*, 171 Ga. App. 462 (320 SE2d 255) (1984).

Thereafter, appellant moved for summary judgment on the ground that the statutes of limitation had run. On the day prior to the hearing on the motion, appellees served appellant with an amendment to their complaint and two affidavits. The amendment contained an allegation that appellee Glen Owen "was unable to manage the ordinary affairs of his life from January, 1981 until late October, 1981 due to depression." The affidavits were given by a physician and by appellee Glen Owen. The affidavit of the physician stated that it was his "opinion that during the time [he] was treating [appellee] Glen Owen he was in such a mental state that he could not manage his ordinary affairs of life. This was a result of his depressed state due to his many medical problems and also as a result of his stressful work conditions." Appellee Glen Owen's affidavit contained, in relevant part, a detailed history of his mental and physical health.

After conducting the hearing, the trial court entered an order which stated: "While the affidavits are admittedly weak, they are sufficient to create a genuine issue of material fact as to [appellee Glen Owen's] mental capacity during the period from January, 1981, to October, 1981. . . . Therefore [, appellant's] motion for summary judgment is hereby denied." The trial court certified this order for immediate review. Appellant's application to this court for an interlocutory appeal was granted and the instant appeal results.

1. Appellant first contends that it is entitled to summary judgment by virtue of the law of the case rule. See OCGA § 9-11-60 (h).

"The 'law of the case' has been defined as a controlling legal rule established by a previous decision between the same parties in the same case. [Cit.]" *Bradley v. Tattnall Bank*, 170 Ga. App. 821, 822 (1) (318 SE2d 657) (1984). However, the principle only establishes the law of the case in its *then* existing evidentiary posture. " 'When a case is brought to this court . . . , all questions as to pleadings and the effect of evidence adjudicated by this court are binding as the law of the case on this court and . . . in the court below, *unless* additional

pleadings and evidence prevail to change such adjudications.' " (Emphasis supplied.) *Monroe Motor Express v. Jackson*, 76 Ga. App. 280, 281 (45 SE2d 445) (1947). " '[I]n the absence of statute the phrase, "law of the case," as applied to the effect of previous orders on the later action of the court rendering them in the same case, merely expresses the practice of courts generally to refuse to reopen what has been decided. . . .' " *Bradley v. Tattnall Bank*, supra at 823. Thus, if subsequent to an appellate decision, the evidentiary posture of the case changes in the trial court, the law of the case rule does not limit or negate the effect that such change would otherwise mandate. " 'Where the second motion for summary judgment is based on matters not involved in the decision on the first motion, "the law of the case" is not involved. [Cit.]' [Cits.]" *Suggs v. Brotherhood of Locomotive Firemen &c.*, 106 Ga. App. 563, 564 (2) (127 SE2d 827) (1962).

In the instant case, appellant did not join in Mobley's motion for summary judgment and consequently was not a party to the appeal from the grant of that motion. Instead, the case remained pending against appellant, and subsequent to the affirmance of the grant of summary judgment in favor of Mobley, appellees amended their complaint to allege an entirely new basis for tolling the statutes of limitation. Under these circumstances, the law of the case would clearly control as to appellees' "tolling" assertions which were addressed in *Owen v. Mobley Constr. Co.*, supra. The law of the case would not, however, mandate the grant of appellant's motion unless appellees were precluded from asserting the applicability of the tolling provisions of OCGA § 9-3-90.

As noted, appellees raised the applicability of OCGA § 9-3-90 by filing an amendment to their complaint. There was no pre-trial order in the case. "It is, therefore, apparent that the amendment was proper and that it should be considered in passing upon the order on the motion for summary judgment." *Rushing v. Ellis*, 124 Ga. App. 621, 623 (1) (184 SE2d 667) (1971). The wording of the amendment was sufficient to invoke OCGA § 9-3-90. See *Lowe v. Pue*, 150 Ga. App. 234 (257 SE2d 209) (1979). The allegations of the amendment were supported by affidavits which, having been served the day prior to the hearing on the motion, were timely. See *Liberty Forest Prods. v. Interstate Paper Corp.*, 138 Ga. App. 153 (225 SE2d 731) (1976). Accordingly, the propriety of the grant or denial of summary judgment to appellant must be based upon the relative merits of its statute of limitation defenses as opposed by appellees' timely invocation of the tolling provisions of OCGA § 9-3-90. The law of the case rule is in no way dispositive of or even applicable to that issue, which was not addressed in *Owen v. Mobley Constr. Co.*, supra.

2. As the movant for summary judgment, appellant had the burden of proving "a negative — that [appellee Glen Owen] was *not*

mentally incompetent as alleged." (Emphasis in original.) *Tri-Cities Hosp. Auth. v. Sheats*, 156 Ga. App. 28, 30 (273 SE2d 903) (1980) aff'd 247 Ga. 713 (279 SE2d 210) (1981). Appellant offered no evidence in this regard. Construed most strongly in their behalf, appellees' evidence was not simply "a self-portrait of one who has merely failed to take control of or simply mismanaged the ordinary affairs of life rather than of an individual lacking in the capacity to manage his own affairs." *Curlee v. Mock Enterprises*, 173 Ga. App. 594, 599 (327 SE2d 736) (1985). The trial court's assessment of the evidence as "admittedly weak" but sufficient to withstand appellant's motion for summary judgment was not erroneous. *Tri-Cities Hosp. Auth. v. Sheats*, supra; *Emory Univ. v. Padgett*, 163 Ga. App. 299 (294 SE2d 300) (1982).

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED MAY 13, 1985 —
REHEARING DENIED MAY 29, 1985 —

*Robert W. Hunter III*, for appellant.
*Ben Swain McElmurray, Gail Duffie, Robert C. Norman*, for appellees.