A91A1256. WARD v. PHOENIX MUTUAL LIFE INSURANCE COMPANY et al.
(410 SE2d 795)

McMURRAY, Presiding Judge.

This is an interpleader action involving the proceeds of an insurance policy issued by the interpleader to its insured, William Payne. Defendant Della Eunice Ward, Payne's former wife, was designated as the beneficiary of the policy by Payne. She was the original and only designated beneficiary. At the time of the original designation, Payne and Ward were husband and wife.

Payne and Ward were divorced in 1987. They entered into a property settlement agreement in which they agreed that neither party would make any claim against the real or personal property of the other.

Payne died on August 19, 1988. He never changed the designated beneficiary of the policy.

Ward claimed the proceeds of the policy as the designated beneficiary. Defendant John Payne, son of the insured, claimed the proceeds too. He asserted that Payne intended to make him the beneficiary of the insurance policy and that, at any rate, Ward relinquished her claim to the proceeds when she executed the property settlement agreement.

To resolve the conflicting claims, the insurance company interpleaded the insurance proceeds. Following discovery, Ward moved for summary judgment. The superior court denied the motion but certified its ruling for immediate review. This Court granted an interlocutory appeal. *Held*:

1. As the designated beneficiary of the insurance policy, Ward is entitled to receive the insurance proceeds. The property settlement agreement has no bearing upon Ward's right to receive the insurance proceeds. *Kruse v. Todd*, 260 Ga. 63, 66 (1) (389 SE2d 488); *Maxwell v. Britt*, 171 Ga. App. 230 (1) (319 SE2d 88).

2. Payne, the insured, never took the steps necessary to change the beneficiary designation. The mere fact that the insured manifested a desire to take such steps is of no consequence. *Maxwell v. Britt*, 171 Ga. App. 230, 231 (2), supra.

The superior court erred in denying defendant Ward's motion for summary judgment.

*Judgment reversed. Sognier, C. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 10, 1991 —
RECONSIDERATION DENIED SEPTEMBER 25, 1991.

*Johnny W. Warren,* for appellant.
*Green & Tribble, William L. Tribble,* for Payne.