A95A2376. MOORE et al. v. DEPARTMENT OF HUMAN RESOURCES et al.
A95A2504. POPE v. DEPARTMENT OF HUMAN RESOURCES et al.
(469 SE2d 511)

POPE, Presiding Judge.

This is another in a series of appeals arising from the switching of two infants at the Griffin-Spalding Hospital in October 1983. The Popes' natural child was adopted by the Moores pursuant to a placement agreement with the Department of Human Resources (DHR), and the child who was supposed to be put up for adoption went home with the Popes. The facts are set forth in detail in *Pope v. Dept. of Human Resources*, 209 Ga. App. 835 (434 SE2d 731) (1993), and will be reiterated here only to the extent they are relevant to the issues discussed.

*Case No. A95A2376*

In this case, the Moores contend that the trial court erred in granting summary judgment for the DHR (and individual DHR employees) on their claims based on breach of contract and negligence.

1. The Moores argue that the DHR promised to provide them with a child to adopt without legal entanglements, and that it breached this promise. Citing *Allen v. Morgan*, 75 Ga. App. 738, 746-747 (44 SE2d 500) (1947), the trial court ruled that any such promise would not be enforceable because contracts for adoption are not enforced in Georgia as a matter of public policy. We agree with the Moores that *Allen* is not quite on point: the holding in that case was

that adoption can be achieved only through judicial action, and a court in an adoption proceeding is not bound by a contract to adopt if it determines that the natural parents did not actually consent to the adoption. Compare *Hendrix v. Hunter*, 99 Ga. App. 785, 787 (2) (110 SE2d 35) (1959) (enforcing adoption contract despite natural mother's subsequent withdrawal of consent). The thrust of these cases is not that any agreement touching on adoption will not be enforced, but that approval of an adoption is solely within the discretion of the court.

Nonetheless, the grant of summary judgment was proper. The DHR made no express promise to provide a child for adoption without legal entanglements, and we cannot agree that such a promise should be implied. Indeed, given the conflicting emotions involved in many adoptions and the role of the courts in any adoption process, a promise to provide a child for adoption without legal entanglements would be unreasonable to make and impossible to keep. The most which could be implied would be a promise to establish and follow proper procedures to minimize any problems, and we have held that that was done in this case. See *Pope*, 209 Ga. App. at 839 (2). Also see Division 2 below.

Moreover, if there was any breach, it would have occurred at the time the DHR placed the child with the Moores in April 1984. The Moores' action was filed in February 1991, and this lapse of almost seven years is longer than any limitation period which could arguably be applicable for this breach of contract action. See OCGA §§ 9-3-24 (six years for breach of simple contract) and 9-3-25 (four years for breach of implied promise). The discovery rule is not applicable to a cause of action based on breach of contract; with respect to a breach of contract claim, the statute of limitation runs from the time the contract is broken rather than from the time the actual damage results or is ascertained. *Owen v. Mobley Constr. Co.*, 171 Ga. App. 462 (1) (320 SE2d 255) (1984).

2. With respect to the Moores' negligence claim, the trial court granted summary judgment based on the doctrine of collateral estoppel: we held that the DHR was not negligent in *Pope*, 209 Ga. App. at 839 (2), and the trial court concluded that the Moores could not relitigate this issue. We agree with the Moores that collateral estoppel does not apply here, however, as the Moores were not a party to the earlier suit nor in privity with a party to that suit. See *Stiltjes v. Ridco Exterminating Co.*, 197 Ga. App. 852 (399 SE2d 708) (1990), aff'd 261 Ga. 697 (409 SE2d 847) (1991). Although the Moores had the opportunity to participate in the earlier suit, it was as the representative of their adopted son rather than as individuals. The legal rights asserted in *Pope* were the child's and thus different from the legal rights asserted here, so the prior decision does not technically

bar the Moores' negligence claim in this action. See id. at 853.

Again, however, we conclude that summary judgment was nonetheless proper. Even though collateral estoppel does not apply, stare decisis does. We held in *Pope* that there was no evidence that the DHR was negligent, and the Moores have provided no additional evidence which would change this conclusion. Accordingly, the grant of summary judgment is affirmed with respect to both the Moores' claims. Cf. *Precise v. City of Rossville*, 261 Ga. 210 (403 SE2d 47) (1991) (a judgment that is right for any reason will be affirmed).

### Case No. A95A2504

In this case, Walter Keith Pope, the natural father of the child adopted by the Moores, challenges the trial court's grant of summary judgment on his claims of professional negligence and negligence.

3. As Pope provided no expert testimony regarding professional negligence (and failed to attach an expert affidavit to his complaint as required by OCGA § 9-11-9.1), the trial court did not err in granting summary judgment on this claim.

4. And for the reason discussed above in Division 2 (i.e., we have held there was no evidence that the DHR was negligent and Pope has provided no additional evidence here), summary judgment on his negligence claim was also proper.

Pope's argument that the trial court erred in ruling that his claims were barred by the statute of limitation is therefore moot.

5. Pope's contention that the trial court should have addressed the termination of his parental rights is without merit, as that issue was not relevant to his claims.

*Judgments affirmed. Beasley, C. J., and Ruffin, J., concur.*

### Decided March 6, 1996.

*Newton & Howell, John T. Newton, Jr.*, for appellants (case no. A95A2376).

*William A. Fears*, for appellant (case no. A95A2504).

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, Kirwan, Parks, Chesin & Remar, Robert B. Remar, Susan M. Garrett, Thomas W. Malone, Robert H. Benfield, Jr., Alfred D. Fears*, for appellees.