A97A0726. FRANKLIN et al. v. STATE OF GEORGIA.
(488 SE2d 109)

SMITH, Judge.

The State of Georgia filed a complaint on December 12, 1995 against appellants pursuant to OCGA § 16-13-49 seeking forfeiture of several vehicles and $2,507 in currency allegedly used in conjunction with or received as proceeds from distribution of controlled substances. Appellants answered, raising as one of their defenses the State's failure to verify the complaint in proper form. At the hearing on February 13, 1996, counsel for defendants made an oral motion to dismiss on the same basis. The trial court orally granted the motion at the hearing. On April 2, 1996, the trial court entered a written order, granting the motion, nunc pro tunc to March 20, 1996. The State filed a motion for reconsideration on February 14 arguing that the complaint was properly verified. On March 25, 1996 the State filed an amended complaint and verification. Six months later, the trial court entered an order reciting that the State's motion for reconsideration was moot because it filed an amended complaint. The order further recited in part that the court found "the complaint as amended is sufficient and denies defendant's motion to dismiss based upon improper verification." Following a hearing in October 1996, the trial court entered an order of forfeiture of one automobile and

$2,507 in currency. This appeal ensued.

Appellants contend the trial court erroneously allowed the State to amend its complaint and that dismissal was required because a hearing was not held within 60 days of service of the complaint pursuant to OCGA § 16-13-49 (o) (5). We need not reach these contentions, however, because more fundamental principles control the issue. The State's amendment of the complaint was ineffective; once the trial court dismissed the complaint, there was no action pending to amend. See generally *Hagan v. Robert & Co.*, 222 Ga. 469, 470 (1) (150 SE2d 663) (1966) (judgment granting nonsuit dismissed cases and put plaintiffs "out of court," causing petition to be nonamendable until reinstated by trial court as pending suit); *Leverette v. Moran*, 153 Ga. App. 825, 827-828 (266 SE2d 574) (1980) (once writ of possession granted, amendment of petition not proper, because no suit pending to amend).

Here, the trial court did not reconsider the dismissal of the State's complaint, nor did it reinstate the case; instead, it ignored its earlier dismissal several months after entering the order. We find no authority allowing reinstatement of a dismissed complaint in this manner. Although a trial court may grant a party a specified period of time in which to amend a complaint following dismissal, see, e.g., *Locklear v. Morgan*, 127 Ga. App. 326, 332 (4) (193 SE2d 208) (1972), the trial court did not do so in this case. We recognize that a trial court "has the power to revoke, alter, amend or modify an order or judgment during the term in which it is rendered. [Cits.]" *The Camera Shop v. GAF Corp.*, 130 Ga. App. 88, 89 (202 SE2d 241) (1973). But even if we assume that the trial court's order was an attempt to modify or revoke its earlier dismissal, the order was not entered during the same term as the dismissal, and the trial court therefore had no power "to modify and revise it in any matter of substance or in any matter affecting the merits." (Punctuation omitted.) *Adams Drive, Ltd. v. All-Rite Trades*, 136 Ga. App. 703 (1) (222 SE2d 174) (1975).[1]

Because the trial court dismissed the State's complaint and never properly reinstated it, no pending suit remained to amend. It follows that all actions taken by the trial court after the dismissal were nugatory. Since no action was pending, the trial court was without authority to hear evidence against defendants.

---

[1] We note, with regard to the trial court's oral dismissal of the State's complaint, the general rule that an order of dismissal does not operate as such until reduced to writing and signed by the trial judge. *Maslia v. Hall*, 121 Ga. App. 740, 742-743 (1) (175 SE2d 48) (1970). But by entering the written order nunc pro tunc, the trial court made the written dismissal relate back to March 20, 1996. This was entirely proper. See, e.g., *Kendall v. Peach State Machinery*, 215 Ga. App. 633, 634 (2), n. 1 (451 SE2d 810) (1994) (nunc pro tunc entry "used to record a previously unrecorded action or judgment rendered, which is to take effect as of the *former* date").

*Judgment reversed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JUNE 23, 1997.

*Stephen T. Maples*, for appellants.
*Cheryl F. Custer, District Attorney, Nancy N. Bills, Assistant District Attorney*, for appellee.