[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant moves to strike the complaint which alleges the following facts, which for the purposes of this motion, the court assumes to be true. Carol Martineau, the defendant in this action, and Danny Martineau were married on November 26, 1988. Approximately ten years later, on April 7, 1998, their marriage was dissolved. At the time of their dissolution, Carol Martineau was listed as the survivor beneficiary on her husband's State Teachers' Retirement Plan. An agreement, entered into by the parties, also on April 7, 1998, became a part of the file, and the judgment of dissolution of marriage recited its terms.
At issue is the effect of paragraph five of the property settlement section of the agreement, which is part of the judgment and an order of the court. This paragraph of the agreement provided that: "Each party shall retain all assets now in his or her possession, including pensions, retirement plans, bank accounts, and the like."
Eight months after their dissolution, on December 8, 1998, Danny CT Page 7521 Martineau died in an automobile accident. At the time of his death, Carol Martineau was still listed as the beneficiary of his retirement plan. On or about April 22, 1999, the retirement board issued Carol Martineau a check in the amount of $115,693.78 as the named beneficiary of the retirement plan.
The plaintiff, Katie Martineau, the administratrix of the estate of Danny Martineau, filed a request for a temporary restraining order and, on April 29, 1999, notified the retirement board that a dispute existed as to whether the separation agreement negated the defendant's entitlement to the funds from the retirement plan. In response to that notification, the retirement board placed a stop payment on the check it had issued to Carol Martineau. On or about May 5, 1999, however, at the request of the defendant, the retirement board reissued the check to her, and she cashed it on or about May 7, 1999.
The plaintiff originally filed these claims as an intervenor in Carol and Danny Martineau's dissolution action. Upon a motion by the defendant, however, the court dismissed the action on the ground that the plaintiff lacked standing as a party to the dissolution action. SeeMartineau v. Martineau, Superior Court, judicial district of Windham at Putnam, Docket No. 055568 (December 22, 1999, Potter, J.). Subsequently, on December 10, 1999, the plaintiff filed the present civil action in the Putnam Superior Court. The complaint sounds in four counts: (1) breach of contract; (2) conversion; (3) unjust enrichment; and (4) constructive trust.
The defendant, on January 27, 2000, filed a motion to strike count one, and, on March 24, 2000, filed an amendment to that motion seeking to strike all four counts of the complaint. The defendant moves to strike the complaint on the ground that each count fails to state a claim upon which relief can be granted because, inter alia, the complaint is defective upon its face. In the alternative, the defendant moves to strike the complaint on the ground that the plaintiff has failed to join the retirement board arguing that it is a necessary party. The defendant also moves to strike the plaintiff's request for attorney's fees contained in the prayer for relief. The plaintiff both in her responsive memorandum and at oral argument conceded that she is not entitled to said relief.
Whenever a party wishes to contest the legal sufficiency of a complaint, the party may do so by filing a motion to strike. See Practice Book § 10-39; Peter-Michael, Inc. v. Sea Shell Associates,244 Conn. 269, 270 (1998). Also, a motion to strike is the exclusive remedy for nonjoinder of parties, George v. St. Ann's Church,182 Conn. 322, 325 (1980). CT Page 7522
"It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts andthose necessarily implied from the allegations are taken as admitted." (Emphasis in original; internal quotation marks omitted.) Parsons v.United Technologies, Corp., 243 Conn. 66, 100 (1997). Although all well-pleaded facts are admitted as true, neither legal conclusions nor the truth or accuracy of opinions are admitted. See Doe v. Yale,252 Conn. 691 (2000). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novamentrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215 (1992).
The primary issues raised in the motion to strike are whether the plaintiff sufficiently alleges that a legal obligation existed between the decedent and the defendant and whether the defendant breached that obligation by collecting the proceeds as the named beneficiary of the decedent's retirement plan. The counts of the complaint, in large part, all center around, and are dependant upon, the sufficiency of this alleged breach of obligation claim, which is substantially incorporated into each of the counts.
The defendant moves to strike each count of the complaint for failure to state a claim upon which relief can be granted, inter alia, on the ground that the complaint is defective upon its face. The defendant has not briefed each count separately (with the exception of the breach of contract claim that was the subject of the original motion to strike and the constructive trust claim), but, instead, has argued that the complaint is facially defective in its entirety. The defendant makes two primary arguments. First, she argues that the dispensation of the retirement fund is governed by Connecticut law and that the retirement board is bound by that law, and, "[a]lthough [the complaint is] couched in a contention that the Defendant violated the terms of her Separation Agreement with the Plaintiffs' decedent, (First Count, with subsequent counts asserting rights to relief based upon alleged violations of that separation agreement), the complaint fails to circumvent the dictates of applicable Connecticut statutes and ample case law governing the disposition of such pension benefits." The defendant also argues that the complaint fails to allege that the decedent intended to name the estate as beneficiary of the plan and, further, that the complaint is "devoid of any allegation of actual or implied intent on the part of [the decedent] to eliminate the Defendant as death benefit beneficiary."
The plaintiff argues that the defendant fails to provide any legal authority for her position that these allegations must be contained in the complaint, and, therefore, her "motion to strike the Complaint for CT Page 7523 failure to allege intent and revocation should be . . . denied." The plaintiff also argues that the construction of a contract is usually a question of fact, not normally appropriate for a motion to strike, and "because a construction of Paragraph 5 of the Separation Agreement would require this court to look beyond the pleadings to determine the intent of the parties to the Separation Agreement, Carol's motion to strike . . . should be denied."
The court's research discloses no Connecticut decision with facts precisely the same as the present case. Although the court has found one Connecticut case and many other state court decisions relating to separation agreements and insurance beneficiaries, the majority of cases dealing with pension or retirement beneficiaries have been decided in federal court because retirement or pension funds are almost exclusively covered and preempted by ERISA. The federal courts, however, have relied, for the most part, upon federal common law in rendering their decisions because ERISA is silent on this issue. See Hill v. ATT Corp.,125 F.3d 646 (8th Cir. 1997) (issue of whether divorce decree may divest ex-spouse of beneficiary rights is not explicitly considered in ERISA, and is, therefore, a question of federal common law); Brandon v.Travelers Ins. Co., 18 F.3d 1321 (5th Cir. 1994) (because ERISA is silent on the issue, federal common law may be used, guided by state family law); Krishna v. Colgate Palmolive Co., 7 F.3d 11 (2d Cir. 1993) (where ERISA is silent on issue, the federal court may resort to state law to assist in the development of federal common law). Nevertheless, it is also noted that the Connecticut State Teachers' Retirement Plan is specifically exempted from the provision of ERISA because it is a government plan; see 29 U.S.C. § 1003 (b)(1); and, therefore, both the retirement plan and the settlement agreement are governed by Connecticut law.
An ALR annotation from 1976 observes that, although the mere fact of divorce does not automatically revoke an ex-spouse's designation as beneficiary, some cases have held that "a divorce decree specifically awarding to the husband insurance covering his life terminates the wife-beneficiary's right to the proceeds thereon notwithstanding the husband's failure formally to change her designation as beneficiary." Annot. 70 A.L.R.3d 348, 351 (1976). Many other cases cited have held, both in the insurance context and the pension or retirement plan context, that, absent specific language in the dissolution judgment limiting the parties beneficiary interests, such interests would not be terminated where the former spouse showed no clear intention of effectuating a change in the beneficiary designation. See e.g. Hughes v.Scholl, 900 S.W.2d 606 (Ky. 1995); Ohran v. Sierra Health and Life Ins.Co., 895 P.2d 1321 (Nev. 1995); Ward v. Phoenix Mutual Life Ins. Co., 410 W.E.2d 795, [410 S.E.2d 795], (Ga.App. 1991); and Life Ins. Co. of NorthCT Page 7524America v. Jackson, 475 A.2d 1150 (Me. 1984).
The plaintiff fails to allege any facts to support an argument that the separation agreement intended to limit the beneficiary rights of the parties. The intent of the parties in forming their separation agreement is normally a question of fact. Where, however, the contractual language is clear and unambiguous, the court may determine the contractual intent of the parties as a matter of law.
"Where a judgment incorporates a separation agreement, the judgment and agreement should be construed in accordance with the laws applied to any contract. . . . The . . . construction of the agreement is an issue of fact. . . . The interpretation of the agreement is a search for the intent of the parties. . . . This intent must be determined from the language of the instrument and not from any intention either of the parties may have secretly entertained." Champagne v. Champagne,43 Conn. App. 844, 848 (1996).
"Intent is a question of fact. . . . [I]ntention is to be determined from the language used, the circumstances, the motives of the parties and the purposes which they sought to accomplish. . . . A determination of contractual intent ordinarily presents a question of fact for the ultimate fact finder, although where the language is clear and unambiguous, it becomes a question of law for the court." (Brackets in original; citations omitted; internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, supra, 244 Conn. 275-76. "A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity and words do not become ambiguous simply because lawyers or laymen contended for different meanings." (Citations omitted; internal quotation marks omitted.) Barnard v.Barnard, 214 Conn. 99, 110 (1990). The court's research reveals one Connecticut case that was decided upon a motion for summary judgment which may be extended to the present case. In Williams v. Sistare, 36 Conn. Sup. 252 (1980), the court granted summary judgment to the remarried ex-wife of the decedent giving her the proceeds from the decedent's life insurance policy despite the fact that their dissolution judgment ordered that the ex-wife remain as beneficiary only until such time as she remarried. Id. The court held that, although the dissolution judgment only required the decedent to maintain his ex-wife as beneficiary until she remarried, there was no evidence that he ever intended to change the beneficiary. Id. The court reasoned that this holding was further evidenced by the fact that, in the sixteen months between the ex-wife's remarriage and the insured's death, the insured took no steps to change his remarried ex-wife's designation as beneficiary on his policy. Id. CT Page 7525
The court in Williams did, however, distinguish that case from cases cited by the plaintiff where dissolution judgments specifically ordered that life insurance policies became the property of one spouse. Id., 254. The court simply stated that those facts were not present in theWilliams case. Id.
In Bersch v. Vanleeck, 112 Wis.2d 594, 334 N.W.2d 114 (1983), the Wisconsin Supreme Court reinstated the trial court's dismissal of an action brought by the decedent's father against the former wife claiming that she was not entitled to the proceeds despite the fact that she was still listed as the designated beneficiary on the decedent's insurance. The settlement agreement between the decedent and his former wife, incorporated into their divorce judgment, provided, inter alia, that: "[E]ach of the parties shall be awarded the life insurance policies on their respective persons." Id., 596. The decedent did not change the beneficiary designation on his policy between the time of the divorce and his death, fifteen months later.
The Bersch court recognized that "there are two distinct property interests in a life insurance policy: (1) the interest of the owner of the policy, which is a control interest and includes the power, inter alia, to name and change beneficiaries and to surrender the policy for its cash value, and (2) the interest of the named beneficiary to the proceeds of the policy. The former is an interest in the policy itself, the latter an interest in the proceeds thereof." Id., 596-97. The Bersch
court went on to hold: "Clearly the ownership interest in the husband's policies was awarded to him by [the settlement agreement] provision. However, the language used does not state how the wife's beneficiary interest was to be affected. Since the decree contain no language that specifically terminates the former spouse's beneficiary interest, we hold that the [former wife] . . . is entitled to the proceeds." Id., 599.
The court finds the holding in Bersch v. Vanleeck, supra, 112 Wis.2d 594, persuasive. Where, as here, the dissolution judgment is completely silent as to whether the parties are waiving their respective beneficiary interests, the court cannot torture the words of their agreement by changing or adding to its clear terms.
It is important to note that although the Connecticut General Assembly has adopted a revocation-by-divorce statute, which provides that divorce results in the revocation of any disposition to the ex-spouse made by a will, General Statutes § 45a-257c, it has also chosen not to adopt the Uniform Probate Code § 2-804, a comprehensive revocation-by-divorce statute that applies to all nonprobate assets, or anything equivalent thereto. See J.F. Walsh, "The Effect of Divorce on CT Page 7526 the Beneficiary Rights to a Nonprobate Asset," 7 Conn.Prob.L.J. 163 (1992).
The separation agreement in the present case provided, in pertinent part, that each party retain all assets now in his or her possession, including pensions and retirement plans. The plaintiff makes no allegation that the parties had discussed the issue of beneficiary interests and meant to include those in this language, that the parties were limited by this language in their ability to designate whomever they desired as a beneficiary, or that they had to change their previously-designated beneficiaries. At the time of the dissolution of their marriage, each party retained their respective assets in compliance with the separation agreement. The complaint fails to allege otherwise.
Being designated as the beneficiary of a retirement plan, life insurance policy, or the like, which designation can be changed at the mere request of the owner, cannot be considered a current asset without going far beyond the natural meaning of the word asset. An asset is defined as "any item of use or value; a resource" Black's Law Dictionary (Pocket Ed. 1996). It is further defined as "[t]he entire property available for the payment of one's debts." Id. A beneficial interest is defined as "[a] right or expectancy in something . . . as opposed to legal title to that thing . . ." Id. A beneficiary interest is merely a speculative resource because the owner of the policy can extinguish it at whim. In this case, the defendant's beneficiary interest in the decedent's retirement plan was a mere expectancy interest which the decedent could have changed at any time prior to his death. Further, to construe the pertinent provision of the settlement agreement as a waiver of beneficiary rights, as well as a limitation of the parties' rights to designate or maintain their desired beneficiary, without any language or other facts to support such a construction, would amount to altering the express words of the contract.
Contrary to the plaintiff's legal position, the defendant complied with the separation agreement. There is nothing in the dissolution judgment limiting the decedent's or the defendant's right to select any beneficiary. Each party did, in fact, retain their respective assets at the time of the dissolution judgment. Thus the complaint fails to state a claim upon which relief may be granted. The motion to strike the compliant is granted.
 ___________________, J. Sferrazza, J.