## A01A0162. HINKLE v. WOOLEVER.
(547 SE2d 782)

SMITH, Presiding Judge.

In this appeal, we must consider whether a party to a divorce succeeded in deleting his wife's designation as the beneficiary of his

---

life insurance policy before his death. Because we find that the insured clearly evinced his intent to remove his wife as named beneficiary and took every possible affirmative act to do so before his death, we affirm the judgment of the trial court.

The parties have stipulated to the relevant facts. In July 1998, appellant Thelma Hinkle filed a complaint for divorce against Frank D. Hinkle. Mr. Hinkle answered the complaint in September 1998, noting the existence of the life insurance policy in dispute here and stating in part: "Defendant has been informed that he has to present a court order awarding him ownership of his policy before he can access any information on same. Therefore, Defendant requests the Court issue an order awarding him sole ownership of his policy so that he can change the beneficiary thereof." In January 1999, Mr. Hinkle executed a will, in which he declared that he was in the process of divorce and, "[i]n consideration of this fact," left his wife only certain specified items of personal property "in lieu of year's support and any and all other claims she may have against my Estate."

As Ms. Hinkle acknowledges, Mr. Hinkle corresponded with the insurer seeking to remove her as beneficiary of his policy. On May 15, June 22, and July 15, 1998, he sent letters to the insurer requesting a change of beneficiary. On August 4, 1998, the insurer responded, apologizing for the delay and stating,

> We cannot change the beneficiary designations nor delete the Rider for Thelma J. Hinkle because of divorce proceedings. We first need to establish the ownership of this policy. Since the Court can award the policy to either party in a divorce, we will need a copy of the entire Divorce Decree, including the property settlement, to verify the ownership.

On April 7, 1999, after the final hearing in the divorce but before entry of the written order, Mr. Hinkle again wrote the insurer requesting removal of Ms. Hinkle from the policy. The insurer responded that it required "a complete copy of your final Divorce Decree, including property settlement, to verify the ownership."

Mr. Hinkle had known as early as the filing of his answer in the divorce action that he was suffering from throat and skin cancer; he died on July 31, 1999. On August 11, 1999, the trial court entered a final judgment and decree of divorce, nunc pro tunc March 16, 1999, the date of the final hearing. This judgment states in part: "The Defendant is declared the owner of the National Western Life Insurance Company Policy No. 0100711446 insuring his life. The Plaintiff is the declared owner of the rider on said policy insuring her life. Each party shall execute the necessary documentation to separate the rider from the principal policy." On the same date, Mr. Hinkle's

attorneys forwarded a certified copy of the decree to the insurer.

When both the estate of Frank Hinkle and Ms. Hinkle made claims against the policy, this legal action ensued with Mr. Hinkle's executor filing a motion for contempt and to enforce the divorce decree. The insurer requested an interpleader of the policy proceeds and was dismissed by consent order after paying the appropriate sum into court. The trial court issued an order noting that the parties had stipulated to the relevant facts and finding in favor of the estate of Frank Hinkle. This appeal followed.

Ms. Hinkle correctly notes that the general law in Georgia requires that an insured change the beneficiary of a life insurance policy before his death:

> In the field of life insurance the law of this State recognizes the right of the insured to purchase with his own funds an insurance policy on his own life, to name a beneficiary to the proceeds of the policy payable at his death, and to reserve the right to change the beneficiary at any time during his life. In such a contract the beneficiary has no vested interest, but a mere expectancy, subject to be withdrawn by the insured at any time during his lifetime. But when the insured dies without changing the beneficiary, the person named in the policy as beneficiary has a vested title to the proceeds.

(Citations and punctuation omitted.) *Taylor v. Aetna Life Ins. Co.*, 235 Ga. 630, 632 (2) (221 SE2d 45) (1975). Even in the event of a divorce decree and settlement agreement, the beneficiary of an insurance policy generally remains the same until a change of beneficiary is effected in accordance with the terms of the policy. *Ward v. Phoenix Mut. Life Ins. Co.*, 201 Ga. App. 307 (410 SE2d 795) (1991).

But this general rule does not apply in all circumstances. For example,

> [w]hen an insured is authorized by the insurance policy to change the beneficiary during his life, and the insured dies without having exercised the authority, the named beneficiary has a vested interest in the proceeds of the policy. If, however, the insured has done substantially all that is required of him, or all that he is able to do, to effect a change of beneficiary, and all that remains to be done is ministerial action of the insurer, the change will take effect though the details are not completed before the death of the insured. Some affirmative act, however, on the part of the member to change the beneficiary is required; his mere intention will not suffice to work a change of beneficiary.

(Citations and punctuation omitted.) *Maxwell v. Britt*, 171 Ga. App.

230, 231 (2) (319 SE2d 88) (1984); see also *Mitchell v. Mitchell*, 126 Ga. App. 664 (191 SE2d 587) (1972) (full concurrence as to this issue). In *Faircloth v. Coleman*, 211 Ga. 356 (86 SE2d 107) (1955), the insured requested a change of beneficiary form from the local office of the insurer and executed it sometime before his death. The petitioner alleged that the original form had been mailed to the insurer "but had been lost, destroyed, or misplaced in the mails." Id. at 358. While acknowledging that a mere intention to change the beneficiary of a policy, without more, is insufficient to effect a change, the Supreme Court concluded that "[s]ince the insured did substantially all he could to change the beneficiary," the trial court did not err in directing a verdict "upon the ground that there had been substantial compliance by the insured to change the beneficiary from his wife to his mother." Id. at 361.

Here, Mr. Hinkle and his attorneys did everything within their power to effect a change of beneficiary. Mr. Hinkle wrote the insurer on at least four occasions asking that the change be made. The insurer responded that it must receive a copy of the final judgment and decree in the pending divorce action first. Although Ms. Hinkle argues that Mr. Hinkle did not do substantially all that was required of him because he did not fill out a "change of beneficiary form," nothing in the record shows that Mr. Hinkle was required to complete such a form or given an opportunity to do so. In response to Mr. Hinkle's persistent inquiries, the insurer requested only a copy of the divorce decree, which was forwarded to the insurer by Mr. Hinkle's attorneys the very day the decree was entered.

Mr. Hinkle's attorneys obtained an oral ruling in the divorce action but were unable to obtain the required written decree until after Mr. Hinkle's death. Mr. Hinkle also indicated his intention to change the beneficiary of the insurance policy in his answer to the divorce complaint, requesting that the trial court enter the necessary order so that he could satisfy the insurer's requirement. This was "all that he [was] able to do" within the meaning of *Maxwell*, supra, until the court provided him with the written order.[1]

Since the record demonstrates that Mr. Hinkle "did substantially all he could to change the beneficiary," *Faircloth*, supra at 361, and that Mr. Hinkle's fulfillment of all the necessary requirements was prevented only by his impending death in conjunction with a delay in

---

[1] By entering the written order nunc pro tunc, the trial court caused the written dismissal to relate back to March 16, the date of the hearing and its oral ruling. See *Franklin v. State of Ga.*, 227 Ga. App. 30, 31, n. 1 (488 SE2d 109) (1997). But while the nunc pro tunc entry made the divorce and the award of the policy to Mr. Hinkle effective as of that date, it did not enable Mr. Hinkle to receive and forward to the insurer the required physical copy of the order earlier than August 11.

obtaining a written order in the divorce action, the trial court did not err in finding substantial compliance and in awarding the proceeds of the policy to Mr. Hinkle's estate.

*Judgment affirmed. Barnes and Phipps, JJ., concur.*

DECIDED APRIL 16, 2001.

*Murl E. Geary*, for appellant.
*Jerrell T. Hendrix, Carl M. Nelson, Jr.*, for appellee.