[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-13468
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 19, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:07-cv-00014-WBH

MARY A. HOWELL, Executor of the
Estate of Donald G. Howell,

                                        Plaintiff-Counter Defendant-
                                        Cross Defendant-Appellee,

ESTATE OF DONALD G. HOWELL,

                                        Plaintiff-Counter Defendant-
                                        Appellee,

                            versus

PHOENIX INSURANCE COMPANY,

                                        Defendant-Counter Claimant,

BRIAN P. RUSH,
BRIAN P. RUSH, P.A.,

                                        Defendants-Appellants,

CAPITAL CITY SUPPLY COMPANY,
NATIONAL CINEMA SUPPLY CORPORATION,

> Defendants-Counter Claimants-
> Cross Claimants-
> Cross Defendants- Appellants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 19, 2012)

Before CARNES, WILSON and COX, Circuit Judges.

PER CURIAM:

## I.    BACKGROUND

Capital City Supply Company ("Capital City"), National Cinema Supply Corporation ("National Cinema"), Brian P. Rush, and Brian P. Rush, P.A. (collectively the "Defendants"[1]) appeal, challenging the district court's order directing payment of life insurance proceeds to Mary A. Howell ("Executrix") in her capacity as the executrix of the estate of her deceased husband Donald G. Howell ("Howell").  Capital City purchased a "key man" life insurance policy on the life of Howell when he was the sole owner of Capital City.  The policy designated Capital

---

[1] Capital City and National Cinema have assigned their interest in the life insurance proceeds to their attorney Brian P. Rush.

City as the owner and beneficiary of the policy. Howell later sold all of his stock in Capital City to National Cinema. In the Stock Purchase Agreement ("Purchase Agreement"), National Cinema and Capital City agreed to transfer the life insurance policy to Howell "with a change of beneficiary to [Howell] or [Howell's] designee." (Dkt. 20 at 53.) After the parties closed the purchase, neither Capital City nor Howell took any steps with the insurer to change the owner designation or the beneficiary. Following Howell's death, National Cinema submitted a claim for the policy proceeds. The Executrix responded by filing suit to establish the estate's entitlement to the insurance proceeds.

In response to the parties' competing motions for summary judgment, the district court granted summary judgment in favor of the Executrix and directed that the insurance proceeds be paid to the estate. The court agreed with the Executrix that equitable considerations demanded the imposition of a constructive trust in favor of the estate. It held that the Defendants' claim of record ownership failed against the estate's claim of equitable ownership.

The Defendants present three arguments in support of their contention that the district court erred by granting summary judgment in favor of the Executrix. First, the Defendants maintain that the Executrix could not assert an equitable unjust enrichment claim in light of the express contract between the parties. Second, the

3

Defendants argue that the statute of limitations has expired on an equitable claim for a constructive trust. Finally, the Defendants assert that Capital City is the beneficiary of the policy.

## II.  STANDARD OF REVIEW

"We review a grant of summary judgment by a district court *de novo*." *Gish v. Thomas*, 516 F.3d 952, 954 (11th Cir. 2008) (citing *Cruz v. Publix Super Mkts., Inc.*, 428 F.3d 1379, 1382 (11th Cir. 2005)).  "We apply the same legal standards as the district court and view all facts and reasonable inferences in the light most favorable to the nonmoving party."  *Id.* (citing *Strickland v. Water Works & Sewer Bd.*, 239 F.3d 1199, 1203 (11th Cir. 2001)).

## III.  DISCUSSION

The parties agree that under Georgia law a constructive trust is a remedy to prevent unjust enrichment, not an independent cause of action.  (Appellant's Br. at 18-19; Appellee's Br. at 8.)  As the Georgia Supreme Court makes clear, a constructive trust "is not an independent cause of action . . . but a device by which property might be recovered if [an] unjust enrichment claim were to prevail."  *St. Paul Mercury Ins. Co. v. Meeks*, 508 S.E.2d 646, 648 (Ga. 1998).  Furthermore, the Georgia courts have stated plainly that "[a]n unjust enrichment theory does not lie where there is an express contract."  *See, e.g., Cox v. Athens Reg'l Med. Ctr., Inc.*,

4

631 S.E.2d 792, 798 (Ga. Ct. App. 2006) (quoting *Pryor v. CCEC, Inc.*, 571 S.E.2d 454, 456 (Ga. Ct. App. 2002)).

The Defendants apply that law to this case and argue that the existence of the Purchase Agreement bars the Executrix's claim for unjust enrichment. The Executrix responds that when an express agreement does not contemplate a future event a party may assert a claim for unjust enrichment. She argues that the parties' dispute here arises out of events which occurred after the execution of the Purchase Agreement and were not anticipated by the agreement. So, according to the Executrix, the Purchase Agreement does not preclude the imposition of a constructive trust. We reject this argument. We hold that the district court erred by granting summary judgment in favor of the Executrix because the express contract between Howell, Capital City, and National Cinema precludes an equitable claim and remedy in this case.

The Executrix overstates the principle that a party may assert a claim for unjust enrichment when the express contract does not contemplate a future event. It is true that the court will allow recovery on an implied contract theory when services are performed outside the scope of an express agreement. *See Gerdes v. Russell Rowe Commc'ns, Inc.*, 502 S.E.2d 352, 355 (Ga. Ct. App. 1998). However, this case does not present those circumstances. Here, the parties' competing claims to the insurance

proceeds are the direct result of Capital City's failure to abide by the plain terms of the Purchase Agreement. The Purchase Agreement required Capital City to transfer the policy to Howell with a change of beneficiary to Howell or Howell's designee. The policy terms require a "written request" to the insurer to change the owner of the policy. (Dkt. 20 at 26.) Capital City breached its promise to transfer ownership of the policy to Howell when it failed to take any steps with the insurer to change the ownership of the policy.

The cases the Executrix has cited do not allow a court to transform a run-of-the-mill breach of contract action into a suit in equity to circumvent the expiration of the statute of limitations for a breach of contract action. Thus, we hold the district court erred by remedying the Executrix's equitable claim of unjust enrichment by imposing a constructive trust. Any claim the Executrix may have at law for breach of contract is barred by Georgia's statute of limitations on breach of contract actions. *See* Ga. Code Ann. § 9-3-24; *Moore v. Dep't of Human Res.*, 469 S.E.2d 511, 512-13 (Ga. Ct. App. 1996) (stating that statute of limitations on breach of contract claim runs from the time the contract is broken (citing *Owen v. Mobley Constr. Co.*, 320 S.E.2d 255, 256 (1984))).

The Defendants also argue that Capital City is the beneficiary of the policy. We agree. In Georgia, the insured must change the beneficiary of a life insurance

6

policy according to the terms of the policy or do substantially all that is required by the policy. *See Hinkle v. Woolever*,[2] 547 S.E.2d 782, 783-84 (Ga. Ct. App. 2001) (citations omitted). Some affirmative act on the part of the owner to change the beneficiary is required. Mere intention to change the beneficiary will not suffice to work a change. *Id.* (citing *Maxwell v. Britt*, 319 S.E.2d 88, 90 (Ga. Ct. App. 1984)). Here, the policy's plain terms required written notice to the insurer to change the beneficiary designation. (Dkt. 20 at 26.) While the Purchase Agreement may express an intention to change the policy's beneficiary to Howell or his designee, there is no evidence any steps were taken to notify the insurer to change the beneficiary. Under Georgia law then, Capital City remains the beneficiary of the policy.

## IV. CONCLUSION

The district court's order that the Defendants challenge on appeal disposed of a variety of summary judgment motions including the Defendants' motion for summary judgment on their cross-claims and counterclaims. To the extent the Defendants believe the denial of their motions for summary judgment on these claims

---

[2] The district court's opinion suggests that the Georgia Supreme Court's opinion in *DeRyke v. Teets*, 702 S.E.2d 205 (Ga. 2010) has modified *Hinkle*. However, the rule the court established in *DeRyke* does not govern this case. There, the court stated that if a party by agreement unequivocally waives his or her rights as a beneficiary of a benefit plan, this waiver remains effective even if the beneficiary designation in the plan remains unchanged. *DeRyke*, 702 S.E.2d at 208. In this case, the Purchase Agreement did not operate as an unequivocal waiver of Capital City's claim to the life insurance proceeds. It only gave Howell the power to designate a beneficiary of his choice. Thus, *DeRyke* does not alter the application of the basic rule stated in *Hinkle* in this case.

7

was error, they have waived this argument. *See United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) ("Under our caselaw, a party seeking to raise a claim or issue on appeal must plainly and prominently so indicate. Otherwise, the issue—even if properly preserved at trial—will be considered abandoned." (citing *Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989))). We therefore AFFIRM the district court's order to the extent it denied summary judgment on the Defendants' cross-claims and counterclaims. We REVERSE the district court's order in so far as it granted summary judgment on the Executrix's claim for an implied trust and REMAND with instructions to enter judgment in favor of Capital City, the beneficiary of record, for the policy proceeds.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.