# Court of Appeals
# of the State of Georgia

ATLANTA,  January 10, 2019

*The Court of Appeals hereby passes the following order:*

**A19A0729.  THOMAS v. CVS PHARMACY, LLC et al.**

Erica Thomas,  *pro se*, sued CVS Pharmacy, LLC, and CP Cooperation Systems (collectively "the Defendants"). The Defendants filed a motion to dismiss or, in the alternative, a motion for a more definite statement. By order entered May 15, 2018, the trial court ordered Thomas to amend her complaint to make specific allegations in support of her claims. The order, which gave Thomas 10 days in which to amend, provided that Thomas's failure to comply with the order would result in the automatic dismissal of the suit.

Thomas failed to comply with the order. On July 9, 2018, in response to a belated June 5 filing by Thomas, the trial court entered an order noting that the action had been automatically dismissed on May 25, 2018. On August 8, 2018, Thomas filed a notice of appeal from this July 9 ruling. The Defendants have filed a motion to dismiss the appeal, arguing, *inter alia*, that Thomas's failure to file a notice of appeal within 30 days of the May 25 automatic dismissal is fatal to her appeal.

Pursuant to OCGA § 5-6-38 (a), a notice of appeal must be filed within 30 days after entry of an appealable decision. "[A] self-executing dismissal provision in an order sustaining demurrers on the merits is a final judgment." *Peacock Const. Co. v. Chambers*, 223 Ga. 515, 517 (156 SE2d 348) (1967). Following entry of the trial

court's May 15 order, Thomas had three options: (1) appeal from that order; (2) amend her complaint within the time stated; or (3) file a notice of appeal within 30 days of the automatic dismissal. *See id.* (holding that the three available options were for the party to "(1) [file] an immediate appeal by foregoing the privilege to amend; [(2)] . . . consider amending up to the expiration of the time allowed for amendments, yet appeal within 30 days thereafter; [or] (3) . . . amend during the period of time allowed, [and] have his petition as amended considered on demurrer to determine if a cause of action is now alleged after amendment"); *see also Kilby v. Keener*, 249 Ga. 667, 668 n.1 (293 SE2d 318) (1982) ("The three alternatives available to the plaintiff after entry of an order sustaining a motion to dismiss with leave to amend within a stated number of days are (1) immediate appeal, (2) appeal within thirty days from the last day allowed for amendment, or (3) a timely amendment."); *Maslia v. Hall*, 121 Ga. App. 740, 743 (1) (175 SE2d 48) (1970) ("[F]or purposes of appeal one against whom a demurrer has been sustained with leave to amend is given the option whether to consider the date of the order as the date of a final judgment and appeal within 30 days thereafter, or to treat the case as pending and amend, or to treat the case as pending until the expiration of the time allowed for amendment and appeal within 30 days thereafter."). Thomas's failure to do *any* of these things rendered the case final. *See, e. g., Franklin v. State*, 227 Ga. App. 30, 31 (488 SE2d 109) (1997) (trial court's dismissal of the case was final unless vacated); *Plane v. Awtry & Lowndes Co.*, 85 Ga. App. 414, 415 (2) (69 SE2d 641) (1952) (plaintiff's failure to amend complaint as ordered resulted in case standing automatically dismissed).

An appeal of an issue that has become moot is subject to dismissal. *See* OCGA § 5-6-48 (b) (3). And a moot issue is one for which a ruling is sought on a matter that has no practical effect on the alleged controversy or where the issues have ceased to exist. *See Carlock v. Kmart Corp.*, 227 Ga. App. 356, 361 (3) (a) (489 SE2d 99) (1997). Here, Thomas's failure to amend her complaint or file a timely notice of appeal from the May 25 automatic dismissal renders this appeal moot. The appeal is thus **DISMISSED**. *See* OCGA § 5-6-48 (b) (3) ("No appeal shall be dismissed or its validity affected for any cause nor shall consideration of any enumerated error be refused, except . . . [w]here the questions presented have become moot.").



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   01/10/2019*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*