28975. ENGLISH v. MILBY et al.

SUBMITTED JUNE 14, 1974 — DECIDED OCTOBER 8, 1974.

*Adams, O'Neal, Hemingway & Kaplan, Kice H. Stone,* for appellant.
*R. Joneal Lee, District Attorney,* for appellees.

GRICE, Chief Justice.

Bill Edward English brought a habeas corpus petition in the Superior Court of Houston County against Mary Beth Milby and the Houston County Department of Family and Children Services, alleging the illegal restraint of his minor daughter.

The case was transferred by the Superior Court to the Juvenile Court of Houston County. When the matter came on for a hearing, the Juvenile Court Judge suggested that this hearing be consolidated with a hearing on a pending petition by the Houston County Department of Family and Children Services seeking temporary custody of the child because of alleged abuse and neglect by the father.

The suggestion for consolidation was opposed by counsel for the father. The judge stated that he considered the matter to be in his discretion, and ordered that the hearings in both cases be consolidated.

After the hearing, judgment was entered in the habeas corpus case denying relief to the father; and an order was entered granting temporary custody of the child to the Department of Family and Children Services on its petition. The appeal by the father is from this judgment and order.

■ The first error enumerated is the consolidation of the hearings in the two cases over the objection of the appellant.

The appellant relies on the provision of the Civil Practice Act which authorizes the joint hearing of matters involving a common question of law or fact only on the consent of the parties. Code Ann. § 81A-142 (a) (Ga. L. 1966, pp. 609, 654); *Carter v. Witherspoon,* 228 Ga. 485, 487 (186 SE2d 534).

We must therefore determine whether this provision of the Civil Practice Act is applicable to a hearing in the Juvenile Court.

Code Ann. § 81A-101 (Ga. L. 1966, pp. 609, 610)

provides that the Civil Practice Act "governs the procedure in all courts of record of the State of Georgia in all suits of a civil nature whether cognizable as cases at law or in equity, with the exceptions stated in section 81A-181."

Code Ann. § 81A-181 (Ga. L. 1966, pp. 609, 668; Ga. L. 1967, pp. 226, 241; Ga. L. 1968, pp. 1104, 1109) provides: "This Title shall apply to all special statutory proceedings except to the extent that specific rules of practice and procedure in conflict herewith are expressly prescribed by law, but in any event, the provisions of this Title governing the sufficiency of pleadings; defenses; amendments; counterclaims; cross claims; third-party practice; joinder of parties and causes; making parties; discovery and depositions; interpleader; intervention; evidence; motions; summary judgment; relief from judgments and the effect of judgments; shall apply to all such proceedings."

The Juvenile Court Code (Code Ann. Title 24A; Ga. L. 1971, pp. 709-757; Ga. L. 1973, pp. 579-581, 882-889) establishes a unique court system for the protection and rehabilitation of children under 17 years of age. The General Assembly has provided that the Title shall be liberally construed to effectuate its purpose. Code Ann. § 24A-101 (Ga. L. 1971, pp. 709, 710). The provisions of the Juvenile Court Code dealing with the commencement of proceedings (Code Ann. § 24A-801), the petition (Code Ann. Ch. 24A-16), the modification or vacation of orders (Code Ann. § 24A-2801), and other matters, indicate a legislative intent to make it a court with its own distinctive rules of procedure.

It would be contrary to the spirit and expressed purpose of the Juvenile Court Code (Ga. L. 1971, pp. 709-757, as amended) to require the Juvenile Courts to conform to the provisions of the Civil Practice Act.

The Juvenile Court Code is a general law which was passed subsequently to the Civil Practice Act. It thus modifies the applicability Section of the Civil Practice Act (Code Ann. § 81A-101), and establishes courts which are not bound by the rules of procedure of the Civil Practice Act, although such rules may be adopted by the Juvenile Courts as to all procedures not specifically

provided for in the Juvenile Court Code.

The Juvenile Court Judge in the present case correctly decided that he had a discretion in combining the hearings in the two cases, and this discretion was not abused.

■ Enumerated errors 2 and 3 assert that the trial judge committed reversible error in allowing hypothetical questions, on cross examination of witnesses testifying as to the fitness of the father to have custody of his child, which were without evidentiary foundation at the time they were propounded.

The error in allowing these questions was harmless, since testimony as to the facts contained in the questions was later admitted in evidence. Furthermore, the witnesses, in reply to the hypothetical questions, did not make any statement detrimental to the father.

■ The fourth enumerated error complains that the court erroneously permitted certain hearsay testimony.

The witness was a case worker for the Department of Family and Children Services. Her testimony in regard to what a police officer told her was allowed by the judge to explain her conduct in placing the child in a foster home. See Code § 38-302.

Where a judge who tried a case without a jury admitted hearsay testimony for a limited purpose, we must presume that he considered the evidence only for the purpose allowed. See *Bailey v. Holmes,* 163 Ga. 272, 275 (136 SE 60); *Tyree v. Jackson,* 226 Ga. 690, 696 (177 SE2d 160).

No error is shown in allowing this evidence.

*Judgment affirmed. All the Justices concur, except Undercofler, J., who dissents.*