## 45711. SCOTT v. McLAUGHLIN et al.
(369 SE2d 257)

PER CURIAM.

On March 18, 1987, Jim Lee Scott filed this pro se suit for mandamus and prohibition against the DeKalb solicitor and the state court trial judge to whom his case involving a charge of simple battery was assigned. He sought the solicitor's compliance with his requests for discovery and to prohibit use of some of the state's evidence, as well as a continuance of the criminal proceedings against him by the trial court until the solicitor complied with his discovery requests. On the appointed trial date, he entered a plea of nolo contendere and was placed on unsupervised probation. His subsequent motion to vacate the sentence was denied by the trial court and was affirmed by the Court of Appeals. *Scott v. State*, 185 Ga. App. 568 (365 SE2d 127)

(1988). A year later at the hearing on his petition, Scott added motions to recuse the trial judge and for a change of venue. The trial court found no factual basis for his recusal and no legal basis for a change of venue, and dismissed the requests for prohibition and mandamus on the grounds that the relief he sought was inappropriate and moot. We affirm.

Mandamus is an extraordinary remedy to compel a public officer to perform his duty, OCGA § 9-6-20, while prohibition is a writ to prevent a court from acting beyond the scope of its jurisdiction. OCGA § 9-6-40. Since the trial court was under no duty to grant a continuance and the solicitor was under no duty to provide discovery, such extraordinary relief was not authorized and the trial court correctly dismissed Scott's petition for failure to state a claim. *Tucker v. Wilson*, 198 Ga. 474 (31 SE2d 657) (1944).

Furthermore, as the trial court ruled, the issues were moot as the criminal proceedings had already taken place.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 23, 1988 —
RECONSIDERATION DENIED JULY 13, 1988.

Jim Lee Scott, *pro se.*
*Ralph T. Bowden, Jr.,* Solicitor, *Albert Sidney Johnson, Herbert Adams, Jr., Michael J. Bowers,* Attorney General, for appellees.