### A99A0277. THE STATE v. SULLIVAN.
(516 SE2d 539)

SMITH, Judge.

Ricky Mario Sullivan was convicted by a Whitfield County jury of one count of aggravated assault and one count of aggravated battery. The State appeals the superior court's order quashing Sullivan's

indictment for lack of jurisdiction. We agree with the trial court's thorough and well-reasoned order concluding that it did not have jurisdiction because exclusive jurisdiction was in the juvenile court at the time the indictment issued. We therefore affirm.

The State does not contest the procedural history of this case as set out by the trial court. At the time of the indictment on May 2, 1997, a delinquency petition had been pending in the juvenile court since November 1996. At a hearing on April 16, 1997, the juvenile court announced from the bench that it would transfer the case to superior court, but the ruling was not reduced to writing until May 22, 1997, 20 days after the date of the indictment.

It is well established that exclusive jurisdiction vests in the juvenile court when a petition of delinquency is filed. *Flowers v. State*, 265 Ga. 688, 689 (3) (461 SE2d 533) (1995). If a transfer order is defective, the juvenile court retains jurisdiction until a proper transfer order is issued. *Livingston v. State*, 266 Ga. 501, 506 (4) (467 SE2d 886) (1996).

The oral declaration of the juvenile judge that the case would be transferred to superior court is not a proper transfer order. " 'What the judge orally declares is no judgment until it has been put in writing and entered as such.' " *G. M. J. v. State of Ga.*, 130 Ga. App. 420, 421 (1) (203 SE2d 608) (1973) (ruling on delinquency petition). And " '[u]ntil an order is signed by the judge (and is filed) it is ineffective for any purpose.' [Cit.]" *State v. Moore*, 207 Ga. App. 677, n. 1 (428 SE2d 815) (1993).[1]

At the time the indictment issued, therefore, the superior court lacked jurisdiction. "The judgment of a court having no jurisdiction of the person or subject matter . . . is a mere nullity." OCGA § 17-9-4. An indictment in a court without jurisdiction must be quashed, *Griffin v. State*, 266 Ga. 115-116 (1) (464 SE2d 371) (1995), and the right to attack it cannot be waived or destroyed by laches. *Hubbard v. State*, 225 Ga. App. 154, 155 (483 SE2d 115) (1997). For these reasons, the trial court correctly quashed the indictment.

*Judgment affirmed. Pope, P. J., and Eldridge, J., concur.*

---

[1] An exception to this general rule may be made when an order is entered nunc pro tunc to the date of the court's oral ruling. See *Franklin v. State of Ga.*, 227 Ga. App. 30, 31, n. 1 (488 SE2d 109) (1997). But the State has failed to include in the record on appeal the transfer order or indeed any portion of the record in the juvenile court.

It is a well-established appellate rule that the burden is on the appellant to show error by the record, and when a portion of the evidence bearing upon the issue raised by the enumeration of error[ ] is not brought up so that this court can make its determination from a consideration of it all, an affirmance as to that issue must result.

(Citations and punctuation omitted.) *Ross v. State*, 195 Ga. App. 624, 626 (3) (394 SE2d 418) (1990).

DECIDED APRIL 15, 1999.

*Kermit N. McManus, District Attorney, Forest L. Miles, Assistant District Attorney*, for appellant.
*Jerry W. Moncus*, for appellee.