## S03A0021. GRIER v. PEED et al.
(578 SE2d 861)

CARLEY, Justice.

After being convicted of voluntary manslaughter, Barry Grier purported to file several pro se motions, despite the appointment of post-trial counsel. He subsequently brought this mandamus action against all three of the superior court judges in the circuit (Appellees), seeking to compel them to enter orders regarding those motions. They recused themselves, and the designated judge dismissed the application for mandamus, finding that Grier received the relief sought and that the issues are now moot. Grier appeals pro se from this order.

"Mandamus will not be granted when it is manifest that the writ would, for any cause, be nugatory or fruitless. . . ." OCGA § 9-6-26. Thus, mandamus "shall not issue when the relief requested has been granted. [Cit.]" *Dean v. Gober*, 272 Ga. 20, 21 (1) (524 SE2d 722) (2000). Because Appellees ruled on every motion specified in Grier's petition for mandamus, the trial court correctly dismissed the petition as moot. *Baez v. Miller*, 266 Ga. 211 (465 SE2d 671) (1996). Moreover, Appellees were not ever required to enter orders on the pro se motions, because Grier filed them at a time when he was represented by counsel. *Schaefer v. State*, 238 Ga. App. 594 (1) (519 SE2d 248) (1999). Since Appellees were under no duty to rule on those motions, the extraordinary relief which Grier requested was

not authorized at any time. *Scott v. McLaughlin*, 258 Ga. 407, 408 (369 SE2d 257) (1988).

Now that Appellees have entered orders on all motions, Grier does not ignore those orders, but attempts to attack them in his appellate brief. Indeed, he primarily contends that the order denying the amended motion for new trial in the criminal proceeding is void. However, he filed a notice of appeal in that case and may pursue such issues in the context of that criminal appeal. Under these circumstances, " 'pursuit of the available method of obtaining appellate review, rather than mandamus, is the proper remedy. (Cits.)' [Cit.]" *Chandler v. Davis*, 269 Ga. 727, 728 (504 SE2d 440) (1998). See also *Daker v. Ray*, 275 Ga. 205, 206 (1) (563 SE2d 429) (2002) (habeas corpus, rather than mandamus, was the appropriate remedy).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 27, 2003 —
RECONSIDERATION DENIED APRIL 25, 2003.

Barry L. Grier, *pro se.*

*Thurbert E. Baker*, Attorney General, *Dennis R. Dunn*, Deputy Attorney General, *Rebecca S. Mick*, Assistant Attorney General, for appellees.