S03A1159. TITELMAN et al. v. STEDMAN.
(591 SE2d 774)

CARLEY, Justice.

After Ms. Wendy J. Titelman lost custody of her two daughters to their father, she and others presented to the Juvenile Court of Cobb County for filing a petition for adjudication of deprivation. Appellants subsequently filed a petition for mandamus in superior court, alleging that Judge Juanita Stedman (Appellee) refused to allow filing of the deprivation petition or to sign any order or provide any other written documentation of the denial of filing. The superior court dismissed the petition for mandamus, finding that such relief was not appropriate. Appellants appeal from this order.

Under the Civil Practice Act (CPA), "[e]xcept when otherwise specifically provided by statute, all judgments shall be signed by the

judge and filed with the clerk." OCGA § 9-11-58 (a). This portion of the statute was adopted verbatim in Uniform Juvenile Court Rule 17.1. See *English v. Milby*, 233 Ga. 7, 9-10 (1) (209 SE2d 603) (1974) (sections of the CPA may be adopted for the juvenile courts). Very similar language is also found in the Appellate Practice Act (APA): "The filing with the clerk of a judgment, signed by the judge, constitutes the entry of a judgment within the meaning of" the APA. OCGA § 5-6-31. Under the case law, "[i]t is best to think of three requirements. The adjudication must be reduced to (1) writing, then (2) signed by the judge and finally, (3) filed with the clerk of the court." Gregory, Ga. Civil Practice § 7-4, p. 574 (2d ed. 1997). " ' "What the judge orally declares is no judgment until it has been put in writing and entered as such." ' [Cit.]" *State v. Sullivan*, 237 Ga. App. 677, 678 (516 SE2d 539) (1999) (involving "[t]he oral declaration of [a] juvenile judge").

Furthermore, "[t]he filing with the clerk of a judgment, signed by the judge, constitutes the entry of the judgment, and, unless the court otherwise directs, no judgment shall be effective for any purpose until the entry of the same. . . ." OCGA § 9-11-58 (b). See also Uniform Juvenile Court Rule 17.1. " ' "[U]ntil an order is signed by the judge (and is filed) it is ineffective for any purpose." (Cit.)' [Cit.]" *State v. Sullivan*, supra at 678. Therefore, this Court has held that, under the CPA, "[t]here can be no appeal from an oral announcement that a judgment will be rendered, since no judgment is effective until it is signed by the judge and filed with the clerk. [Cit.]" *Crowell v. State*, 234 Ga. 313 (215 SE2d 685) (1975). This rule is also compelled by force of the APA:

> Under [that] Act the well established rule that "what the judge orally declares is no judgment until it has been put in writing and entered as such," is still of force, and both a written judgment and its entry by filing the writing with the clerk are essential prerequisites to an appeal. [Cits.]

*Boynton v. Reeves*, 226 Ga. 202, 203 (173 SE2d 702) (1970). Accordingly, " '(i)t is elementary that an oral order is not final *nor appealable until and unless it is reduced to writing*, signed by the judge, and filed with the clerk.' [Cits.]" (Emphasis supplied.) *Smith v. State*, 242 Ga. App. 459 (530 SE2d 223) (2000). Continued adherence to this rule is supported and mandated not only by statutes and cases, but by the rationale underlying it: " ' "In the absence of a judgment in writing no question for decision is presented to the appellate court. (Cits.)" ' [Cit.]" *Bishop v. State*, 176 Ga. App. 357, 358 (335 SE2d 742) (1985). See also *Seabolt v. Seabolt*, 220 Ga. 181 (1) (137 SE2d 642) (1964). That rationale applies equally whether a trial court precludes

further legal proceedings by ruling on the merits of a proceeding filed in that court or by denying the filing of a petition or other pleading.

OCGA § 9-11-58 (a) and Uniform Juvenile Court Rule 17.1 mandate that the trial judge, in the absence of an explicit statutory exception, sign "all judgments. . . ." Indeed, in an appeal purportedly from an oral ruling, this Court remanded the case and required the trial court to enter a written judgment, without prejudice to the right to file a subsequent appeal. *Crowell v. State*, supra. Thus, trial courts have a clear legal duty to enter all of their judgments, including those which deny the filing of an initial pleading.

Because the trial court's entry of a written order denying filing is an appealable judicial act, mandamus is not an available means of reviewing the propriety of that ruling. *Barber Fertilizer Co. v. Chason*, 265 Ga. 497 (458 SE2d 631) (1995). See also *Grier v. Peed*, 276 Ga. 521, 522 (578 SE2d 861) (2003); *Smith & Wesson Corp. v. City of Atlanta*, 273 Ga. 431, 433-434 (1) (543 SE2d 16) (2001). However, mandamus is an available remedy for a trial court's failure to carry out an administrative act, "when 'the law has prescribed and defined the duty to be performed with such precision and certainty as to leave no room for the exercise of judgment or discretion.' [Cit.]" *Henderson v. McVay*, 269 Ga. 7-8 (1) (494 SE2d 653) (1998). OCGA § 9-11-58 (a), Uniform Juvenile Court Rule 17.1, and applicable case law do not leave a trial court any room to exercise its discretion by orally announcing a judgment, but declining to enter it. Furthermore, where a trial judge refuses to permit the filing of a petition and fails to perform her clear legal duty to enter a written order, an appeal is not possible. In that circumstance, therefore, mandamus is appropriate, not to review the propriety of the denial of filing, but to compel the trial court to enter a written order from which an appeal can be taken. Compare *Grier v. Peed*, supra at 521.

In their petition for mandamus, Appellants did not only assert that the denial of filing of the deprivation petition was erroneous. They also complained of Appellee's refusal to sign any order or to provide any other written documentation of the denial of filing, and prayed that a writ of mandamus be issued ordering her to dispose of the deprivation petition according to law and to grant all other proper relief. Under these allegations, relief is available to Appellants in the form of an order that requires Appellee either (1) to sign and file with the clerk a written order denying filing of the deprivation petition, *or* (2) to permit the petition to be filed and proceed according to law. Therefore, the superior court erred in dismissing the petition for mandamus.

*Judgment reversed. Sears, P. J., Thompson, J., and Chief Judge Hugh W. Stone and Judge Bensonetta Tipton Lane, concur. Fletcher, C. J., and Benham, J., dissent. Hunstein, J., disqualified. Hines, J.,*

*not participating*.

FLETCHER, Chief Justice, dissenting.

Because the juvenile court code provides a specific exception to the requirement of a written order denying filing, I respectfully dissent.

On August 4, 2000, following Appellant's divorce from her husband, a trial court awarded custody of the couple's two daughters, aged 6 and 8, to husband. A custodial modification action is apparently pending in Cobb County.[1] On June 10, 2002, Appellant and 29 other individuals presented to the Cobb County Juvenile Court for filing a petition for adjudication of deprivation, alleging that the daughters were being subjected to sexual abuse by their father. Attached to the petition as exhibits were (1) reports from two psychologists who interviewed the older child, (2) the report of a psychologist who reviewed a videotape interview of the children conducted by Cobb County Department of Family and Children Services and other records, (3) letters from five individuals, including personnel from the agency charged with supervising Appellant's visitation with the children, (4) letters from two individuals who observed behavior on the father's part that they considered suspicious, (5) a letter from an individual who states she observed the father's inappropriate behavior with the younger daughter, (6) the September 2000 report of an out-of-state psychologist who interviewed the children, and (7) an April 2001 letter from jurors who acquitted Appellant of various charges in Cobb County stemming from her taking the children to see the out-of-state psychologist, stating, among other things, the jurors' belief that the state's experts who concluded that no abuse occurred were not credible.

An employee of the Juvenile Court refused to allow the filing, and no written order was issued. Within 30 days, Appellant filed a petition for mandamus in the Court of Appeals seeking to require the Juvenile Court to file the petition. The Clerk of the Court of Appeals refused to accept the petition for filing and returned the papers to Appellant by letter dated June 20, 2002.[2] On July 9, 2002, Appellant filed a writ of mandamus in this Court, which was dismissed on the ground that an original writ of mandamus must be filed in superior court.[3] On August 8, 2002, Appellant filed her petition in the Superior Court of Cobb County seeking a writ of mandamus to require the

---

[1] No. 00-10-8035-33. A custody action pending in Harrison County Chancery Court of Mississippi, First Judicial District, No. 00-02200, has been dismissed.

[2] The clerk's letter appears as an exhibit in the record of *Titelman v. Cobb County Juvenile Court*, S02O1606.

[3] *Titelman v. Cobb County Juvenile Court*, S02O1606 (July 18, 2002).

juvenile court to file the petition. The superior court concluded that the deprivation petition was really a custody challenge and dismissed the mandamus petition.

This Court has previously recognized that the legislature intended for the juvenile courts to have their own "distinctive rules of procedure."[4] In accordance with this legislative intent, we have long held that the Civil Practice Act is not generally applicable to juvenile courts.[5] OCGA § 15-11-37 is a clear example of the unique procedural rules that govern juvenile courts. It requires that a petition alleging delinquency, deprivation, or unruliness shall not be accepted for filing unless the juvenile court "or a person authorized by the court has determined and endorsed upon the petition that the filing of the petition is in the best interest of the public and the child." Because there is a specific requirement of an endorsement before filing, basic rules of statutory construction require the conclusion that nothing is required to refuse filing.[6] The lack of a requirement for a written order denying filing is in keeping with the "basic philosophy that [juvenile] matters shall be handled informally, if at all possible."[7] It is also in keeping with the whole tenor of the Juvenile Court Rules, which provide for all manner of informal dispositions.[8] I would not dispute that the requirement of a written order is desirable, but I believe it is up to the legislature to craft that change in the law.

Because I believe the decision to deny filing was appealable without a written order, the superior court did not err in dismissing the petition for mandamus.[9] Nevertheless, because of the unusual procedural circumstances of this case and in the interest of judicial economy, I would at this time consider the merits of Appellant's contention that the Juvenile Court abused its discretion in denying filing.

I am authorized to state that Justice Benham joins in this dissent.

---

[4] *English v. Milby*, 233 Ga. 7, 9 (209 SE2d 603) (1974).
[5] Id.
[6] *Morton v. Bell*, 264 Ga. 832, 832-833 (452 SE2d 103) (1995).
[7] *Lane v. Jones*, 244 Ga. 17, 19 (257 SE2d 525) (1979) (quoting official comment to prior version of OCGA § 15-11-37).
[8] See Juvenile Court Rules 4.1 ("intake officer may elect to informally adjust, divert, or recommend dismissing the case"), 4.2 (screening process may result in "other appropriate action"), 4.3 (intake officer may withhold filing of petition and proceed with informal adjustment).
[9] *Barber Fertilizer Co. v. Chason*, 265 Ga. 497 (458 SE2d 631) (1995).

DECIDED DECEMBER 1, 2003 —
RECONSIDERATION DENIED DECEMBER 12, 2003.

Wendy J. Titelman, *pro se.*
*Deborah L. Dance, Dorothy H. Bishop*, for appellee.
*Jones, Jensen & Harris, Richard E. Harris, Haynes & Boone,
Alene R. Levy, Ann Al-Bahish, Mercy L. Carrasco-Lowe*, amici curiae.