A11A1589. IN THE INTEREST OF T. M. M. L., a child.
(722 SE2d 386)

DOYLE, Presiding Judge.

Robert W. Leavenworth appeals the juvenile court's denial of his motion for attorney fees pursuant to OCGA § 9-15-14 in a deprivation action filed by Robert and Janet Belli. We affirm, for the reasons that follow.

The record shows that Leavenworth had custody of his daughter, T. M. M. L., following his ex-wife's death. T. M. M. L.'s maternal grandparents, the Bellis, had visitation rights pursuant to a Massachusetts court order. The Bellis filed a deprivation complaint, alleging that Leavenworth had entered a drug rehabilitation facility, leaving T. M. M. L. "attended only by rotating maids." Following a hearing, which included the testimony of T. M. M. L., the trial court entered an order dismissing the complaint on the basis that the "child is not currently deprived."

Thereafter, Leavenworth filed a motion for an award of attorney fees and costs against the Bellis pursuant to OCGA § 9-15-14, alleging that the Bellis' complaint, "[a]t best, . . . lacked any substantial justification[, and a]t worst, there is such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept it." The trial court denied the motion, concluding that the Civil Practice Act does not apply to juvenile court proceedings. We granted Leavenworth's subsequent application for discretionary review, and he now appeals the juvenile court's order.

OCGA § 9-15-14 provides for the imposition of attorney fees under both subsections (a) and (b) "[i]n any civil action in any court of record. . . ." Pursuant to OCGA § 15-11-4 (b), "[t]he juvenile court is a court of record. . . ." The Civil Practice Act

> governs the procedure in all courts of record of this state in all actions of a civil nature whether cognizable as cases at law or in equity, with the exceptions stated in Code Section

9-11-81. This chapter shall be construed to secure the just, speedy, and inexpensive determination of every action. This chapter shall also apply to courts which are not courts of record to the extent that no other rule governing a particular practice or procedure of such courts is prescribed by general or local law applicable to such courts.

OCGA § 9-11-1. OCGA § 9-11-81 provides that the Civil Practice Act

shall apply to all special statutory proceedings except to the extent that specific rules of practice and procedure in conflict herewith are expressly prescribed by law; but, in any event, the provisions of this chapter governing the sufficiency of pleadings, defenses, amendments, counter-claims, cross-claims, third-party practice, joinder of parties and causes, making parties, discovery and depositions, interpleader, intervention, evidence, motions, summary judgment, relief from judgments, and the effect of judgments shall apply to all such proceedings.

Despite this statutory language, the Supreme Court held in *English v. Milby*[1] that juvenile courts are not bound by the rules of procedure set forth in the Civil Practice Act, explaining that

[t]he Juvenile Court Code ([OCGA § 15-11-1 et seq.]) establishes a unique court system for the protection and rehabilitation of children under 17 years of age. The General Assembly has provided that the Title shall be liberally construed to effectuate its purpose. [OCGA § 15-11-1]. The provisions of the Juvenile Court Code dealing with the commencement of proceedings . . . , the petition . . . , the modification or vacation of orders . . . , and other matters, indicate a legislative intent to make it a court with its own distinctive rules of procedure. *It would be contrary to the spirit and expressed purpose of the Juvenile Court Code . . . to require the Juvenile Courts to conform to the provisions of the Civil Practice Act.*[2]

The Court further held that the "rules [set forth in the Civil Practice Act] *may* be adopted by the Juvenile Courts as to all procedures not

---

[1] 233 Ga. 7 (209 SE2d 603) (1974).

[2] (Punctuation omitted; emphasis supplied.) Id. at 9 (1). See also *Coleman v. Coleman*, 238 Ga. 183 (232 SE2d 57) (1977) ("The Civil Practice Act . . . does not apply to juvenile courts.").

specifically provided for in the Juvenile Court Code."[3]

Leavenworth points out that there is no provision in the Juvenile Court Code for an award of attorney fees for frivolous claims. Thus, he argues, juvenile courts are free to adopt OCGA § 9-15-14 for application in juvenile court. Leavenworth relies on three cases in which one of the parties in a juvenile case made a claim for attorney fees under OCGA § 9-15-14; in each case, this Court reversed the imposition of an OCGA § 9-15-14 fee award.[4] Although those cases may appear to *suggest* that juvenile courts have authority to award attorney fees under OCGA § 9-15-14, none of the cases specifically addresses such authority, and Leavenworth's reliance on these cases is misplaced.

Because the juvenile court has not adopted OCGA § 9-15-14,[5] and there is no implicit attorney fee award for frivolous litigation in the Juvenile Court Code,[6] and given the Supreme Court's holding in *English* that the Civil Practice Act does not apply to juvenile courts, the juvenile court in the instant case properly concluded that it had no authority to impose attorney fees under OCGA § 9-15-14.

*Judgment affirmed. Ellington, C. J., and Miller, J., concur.*

DECIDED JANUARY 24, 2012.

*Flynn & Gottlieb, Jon A. Gottlieb*, for appellant.
*Paul R. Koehler*, for appellee.

---

[3] (Emphasis supplied.) *English*, 233 Ga. at 9-10 (1).

[4] See *Segal v. Dorber*, 250 Ga. App. 688, 689-690 (2) (552 SE2d 873) (2001) (holding that juvenile court lacked jurisdiction to award fees under OCGA § 9-15-14 because it entered the award after it had transferred the case to superior court and concluding that there was no factual basis for the fee award); *In the Interest of M. A. K.*, 202 Ga. App. 342 (1) (414 SE2d 288) (1991) (reversing OCGA § 9-15-14 (b) attorney fee award because the application was untimely pursuant to OCGA § 9-15-14 (e)); *In re N. S. M.*, 183 Ga. App. 398, 400 (3) (359 SE2d 185) (1987) (reversing OCGA § 9-15-14 attorney fee award to a witness because only parties are entitled to a fee award under the statute and noting that there is no Juvenile Court Code provision authorizing such an award).

[5] Compare *Titelman v. Stedman*, 277 Ga. 460, 461 (591 SE2d 774) (2003) (stating that OCGA § 9-11-58 (a), which requires a judge's signature on all judgments under the Civil Practice Act, "was adopted verbatim in Uniform Juvenile Court Rule 17.1.").

[6] Compare *Coleman*, 238 Ga. at 183-184 (holding that the Juvenile Court Code contains an implicit requirement that juvenile courts make specific findings of fact when disposing of a contested custody case because the Code requires such findings of fact in other types of juvenile cases and requires court-appointed referees to make findings after juvenile hearings).