**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RAY and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**April 24, 2018**

# In the Court of Appeals of Georgia

A18A0264. IN THE INTEREST OF M. F., A CHILD (FATHER).

RICKMAN, Judge.

The father of minor child, M. F., appeals from a juvenile court order purporting to temporarily modify the permanent guardianship of M. F. by, inter alia, granting full custodial powers to the father. While not challenging the grant of custody, the father contends that the juvenile court erred by attempting to retain jurisdiction over the case and in doing so, granting visitation to the former guardians and ordering the father to undergo counseling. The father also contends the juvenile court erred by granting the former guardians attorney fees. For the following reasons, we affirm with direction in part and reverse in part.

In January 2012, the Juvenile Court of Douglas County put M. F. under a permanent guardianship, finding that the young girl was deprived as a result of problems that both of her parents had with

substance abuse.[1] A little more than two years later, her father filed a petition in the Superior Court of Gwinnett County, alleging that M. F. and her guardians are residents of Gwinnett County, that the Gwinnett County court, therefore, has jurisdiction of matters involving the custody of M. F., that the father has resolved his problems with substance abuse, that he now is a fit parent, and that he ought to have custody of his daughter. Although the petition was denominated a "complaint for custody," the Gwinnett County court construed it as a petition to modify, vacate, or revoke the guardianship pursuant to OCGA § 15-11-244. As such, the Gwinnett County court concluded that the Juvenile Court of Douglas County properly had jurisdiction of the petition, and it transferred the petition to Douglas County. There, the guardians filed a motion to dismiss the petition, contending that it failed to state a claim upon which relief could be granted because, they argued, a change in the circumstances of a parent is no basis for a modification, vacatur, or revocation of a permanent guardianship. The Juvenile Court of Douglas County granted the motion to dismiss, and the father appeal[ed].

(Footnotes omitted.) *In re M. F.*, 298 Ga. 138-139 (780 SE2d 291) (2015).

The Georgia Supreme Court held that the father's petition was properly transferred to the juvenile court but that the juvenile court erred when it dismissed his

---

[1] "M. F. was born in May 2008 to unmarried parents, but her relationship with her father was legitimated in January 2011. Although the guardians were awarded custody of M. F. in January 2012, her father enjoyed certain visitation rights under the order of permanent guardianship." *In re M. F.*, 298 Ga. at 139, n. 2.

petition for failure to state a claim upon which relief could be granted, and in awarding attorney fees to the guardians. *In re M. F.*, 298 Ga. at 140-146 (1) and (2). The case was remanded to the juvenile court and, following a hearing, the juvenile court entered an order purporting to temporarily modify the permanent guardianship.

The juvenile court granted a "temporary modification of the permanent guardianship" which changed custody of M. F. from the former guardians to her father. In its order, the juvenile court also granted the former guardians visitation two weekends a month and over school vacations and holidays.[2] The father was ordered to pay attorney fees to the former guardians because he originally filed the complaint in the wrong county.

The father filed an application in this Court for interlocutory review, which we granted. While the father's application was pending, the former guardians filed a motion in the juvenile court for clarification of its order modifying the permanent guardianship. Following a hearing, the juvenile court issued an amended order modifying the permanent guardianship. In the amended order, the juvenile court, in

---

[2] Despite the juvenile court's attempt to grant visitation to the former guardians, the plain language of OCGA § 15-11-244 (a) (3) authorizes the court to allow visitation between a child in the custody of a guardian with his or her parent in order to encourage "meaningful contact."

3

addition to granting the former guardians increased visitation and requiring the father to undergo a year of counseling, stated that the "[f]ather is vested with full custodial powers, rights and control [of M. F.] as contemplated in a Modification of Custody in Superior Court." Additionally, the amended order stated that "[The juvenile court] chose not [to] dissolve the Permanent Guardianship as custody of the child would vest in [the Mother] and require further legal action."

1. The father contends that the juvenile court erred by granting visitation to the guardians and ordering the father to undergo counseling. Specifically, he argues that while the juvenile court's order was denominated as an order modifying the permanent guardianship, in effect, it revoked the guardianship and thus left the juvenile court without authority or jurisdiction to place the complained of restraints upon the father's custodial rights.[3] We agree.

Under Georgia law, permanent guardianship orders shall: "[n]ot be subject to review by the [juvenile] court except as provided in [OCGA § 15-11-244]" and

---

[3] Initially, we note that the neither the guardians, nor the child, through her attorney, cross-appealed and there is no challenge to the trial court's grant of full custodial rights to the father. Nevertheless, upon our full review of the record, there was more than sufficient evidence to support the grant of custody to the father, including testimony about his addiction recovery, marriage, finances, and employment, in addition to the guardian ad litem's recommendation that it was in the best interests of the child for the permanent guardianship to be revoked.

"[e]stablish a reasonable visitation schedule which allows the child adjudicated as a dependent child to maintain meaningful contact with his or her *parents*[.]" OCGA § 15-11-242 (a) (2) and (3) (emphasis supplied). Pursuant to OCGA § 15-11-244 (a), "[t]he [juvenile] court shall retain jurisdiction over a guardianship action . . . for the *sole purpose* of entering an order following the filing of a petition to modify, vacate, or revoke the guardianship and appoint a new guardian." (Emphasis supplied).

When reviewing the juvenile court's order, we are mindful that orders "are construed according to their substance and function and not merely by nomenclature." *Forest City Gun Club v. Chatham County*, 280 Ga. App. 219, 220 (633 SE2d 623) (2006). See *Lewis v. City of Savannah*, 336 Ga. App. 126, 129 (1), n.2 (784 SE2d 1) (2016). Applying this maxim, the substance of the juvenile court's order granted full custodial powers of M. F. to the father. The father cannot have full custodial powers while the permanent guardianship is still in place because "[f]or so long as an order of permanent guardianship remains effective, permanent custody of the child is committed to the permanent guardian as a matter of law." *In re M. F.*, 298 Ga. at 140 (1). Under Georgia law, once a permanent guardianship has been awarded, the guardian shall have the exclusive power to "[t]ake custody of the person of the minor and establish the minor's place of dwelling within this state." OCGA § 29-2-22 (a)

5

(1); see also OCGA § 15-11-242 (b). It follows that once full custody of a minor is returned to a natural parent, the guardianship ceases to exist. Accordingly, the juvenile court's order, while denominated as only a modification of the permanent guardianship, in effect revoked the permanent guardianship when it transferred full custody of M. F. from the former guardians to the father. See generally *In re M. F.*, 298 Ga. at 140 (1).

Once the permanent guardianship was revoked, the juvenile court no longer had jurisdiction over this case. See OCGA § 15-11-244 (a). Thus, we affirm the juvenile court's order revoking the guardianship and remand this case with the direction that the juvenile court amend its order to remove the additional conditions imposed upon the father by the court.

2. The father contends that the juvenile court erred by granting the former guardians attorney fees.

The Georgia Supreme Court has already reversed the juvenile court for awarding attorney fees to the former guardians "on the ground that the [father's] petition was without any basis as outlined in OCGA § 15-11-244." (Punctuation omitted.) *In re M. F.*, 298 Ga. at 146 (2).

6

On remand, the juvenile court awarded attorney fees on the basis that "the action should have been filed [in the juvenile court] and not Gwinnett County." While the juvenile court did not specifically reference a statute authorizing the award, the guardians requested the fees pursuant to OCGA § 9-15-14.

> OCGA § 9-15-14 authorizes the assessment of litigation costs and attorney fees for frivolous actions and defenses. The standard of review for awards under subsection (a), for claims made despite a complete absence of any justiciable issue of law or fact, is the 'any evidence' rule, and the standard of review for motions under subsection (b), for actions lacking substantial justification or interposed for delay or harassment, or unnecessarily expanding the proceedings, is the 'abuse of discretion' rule.

*Wallace v. Noble Village at Buckhead Sr. Housing, LLC*, 292 Ga. App. 307, 310 (664 SE2d 292) (2008). See OCGA § 9-15-14 (a) and (b).

We doubt that juvenile courts have authority to award attorney fees under OCGA § 9-15-14. See *In the interest of T. M. M. L.*, 313 Ga. App. 638, 640 (722 SE2d 386) (2012). But regardless, this attorney fee award cannot stand. It is plain from our Supreme Court's discussion of the issue, which covers two full pages of the official reporter, *In re M. F.*, 298 Ga. at 139-141 (1) that the father's initial filing was

7

not done in the absence of any justiciable issue of law or fact and that it did not lack substantial justification.

*Judgment affirmed in part with direction; reversed in part. McFadden, P. J. concurs. Ray, J. concurs in judgment only as to Division 1; otherwise fully concurring.\**

**\* DIVISION 1 OF THIS OPINION IS PHYSICAL PRECEDENT ONLY. SEE COURT OF APPEALS RULE 33.2.(a).**