# Court of Appeals
# of the State of Georgia

ATLANTA,  September 01, 2021

*The Court of Appeals hereby passes the following order:*

**A21A1437.  IN THE INTEREST OF G. O., JR., et al. CHILDREN (MOTHER).**

The Department of Family and Children Services (the "Department") filed a dependency petition regarding the mother's four minor children, one of whom was removed from the mother's home and placed in foster care. The juvenile court dismissed the petition, finding no clear and convincing evidence that any of the children were dependent and ordering the Department to return the child in foster care to the mother's custody.

The mother filed a motion for attorney fees pursuant to OCGA § 9-15-14. The juvenile court dismissed the motion, ruling that it lacked jurisdiction to award attorney fees under OCGA § 9-15-14 pursuant to the provisions of the Juvenile Code. The court noted, however, that if it did have such jurisdiction, it believed the mother's motion was valid and it would award fees because counsel for the Department had engaged in "substantially groundless conduct." The mother then filed the instant appeal.

Although neither party challenges our jurisdiction over this direct appeal, "[i]t is our duty to inquire on our own motion into the issue of this Court's jurisdiction." *Southwest Health & Wellness, LLC v. Work*, 282 Ga. App. 619, 622 (1) (a) (639 SE2d 570) (2006). OCGA 5-6-35 (a) (10) requires a discretionary application for "[a]ppeals from awards of attorney's fees or expenses of litigation under Code Section 9-15-14." In *Jones v. Padgett*, 186 Ga. App. 362, 363 (2) (367 SE2d 88) (1988), we held that a discretionary application also is required to appeal the denial of attorney fees under

OCGA 9-15-14. We reasoned: "The 'awards' which are made discretionary pursuant to OCGA § 5-6-35 (a) (10) are not otherwise limited by an amount of recovery and, therefore, an award which denies attorney's fees and expenses of litigation to a movant pursuant to OCGA § 9-15-14 is as much discretionary as an award which grants such relief to the movant. Id.; see also *Swanson v. Swanson*, 216 Ga. App. 406, 406 (454 SE2d 529) (1995) (on motion for reconsideration).

We look to the "issue raised on appeal" to determine whether a direct appeal is proper. See *Voyles v. Voyles*, 301 Ga. 44, 45-46 (799 SE2d 160) (2017). Here, the issue on appeal involves the juvenile court's dismissal of the mother's request for attorney fees pursuant to OCGA § 9-15-14; therefore this case was subject to the requirements of the discretionary appeal procedure found at OCGA § 5-6-35 (a) (10). See *In the Interest of T. M. M. L.*, 313 Ga. App. 638, 638 (722 SE2d 386) (2012) (after juvenile court denied the father's motion for OCGA § 9-15-14 attorney fees on the basis that the Civil Practice Act does not apply to juvenile court proceedings, this Court granted the father's application for discretionary review seeking to appeal the court's order). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). The mother's failure to follow the required appellate procedure deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,*  09/01/2021

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*