**SECOND DIVISION**
**MILLER, P. J.,**
**MERCIER and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 31, 2023**

# In the Court of Appeals of Georgia

A23A0323. IRVING v. THE STATE.

MERCIER, Judge.

In April 2012, Wendell Irving entered a negotiated guilty plea for the possession of hydrocodone and was sentenced to ten years of probation. In June 2022, the State filed a probation revocation petition, which the trial court granted. Irving filed this appeal arguing, inter alia, that the trial court erred by revoking his probation because he was no longer under probation at the time of the revocation. As a tolling order regarding Irving's probation was never entered, and Irving's probation had expired at the time the State filed its probation revocation petition, Irving was no longer on probation. Thus, we reverse the trial court's probation revocation.

In our review of a probation revocation, we will not reverse absent a manifest abuse of discretion. *Glenn v. State*, 310 Ga. 11, 30 (2) (849 SE2d 409) (2020).

"However, the appellate court reviews questions of law de novo." Id. (citation and punctuation omitted).

The record shows that in 2017, approximately five years after Irving was sentenced to probation, the State submitted an affidavit to the trial court requesting that his probation sentence be tolled due to his failure to report to his probation supervisor. The trial court signed a tolling order, but it was never filed with the clerk of the court.

In June 2022, the State filed a probation revocation petition, stating that Irving had committed a RICO violation and that he had failed to pay assessed fines. At the probation revocation hearing, Irving argued that he was no longer on probation, so his probation could not be revoked. The trial court disagreed, found that the tolling order was effective, and ordered that the balance of Irving's probation be revoked and be served in the Mitchell County Jail.

We granted Irving's application for discretionary review, and this appeal followed. Irving argues that the trial court erred by relying upon the unfiled tolling order and an uncertified copy of his RICO conviction as grounds for revoking his probated sentence.

1. Pursuant to OCGA § 42-8-36 (a) (2) (A), "[t]he running of a probated sentence shall be tolled upon . . . [t]he failure of a probationer to report to his or her officer as directed or failure to appear in court for a probation revocation hearing; either of such failures may be evidenced by an affidavit from the officer setting forth such failure." The same statute states that "[t]he effective date of the tolling of the sentence shall be the date the court enters a tolling order and shall continue until the probationer shall personally report to the officer, is taken into custody in this state, or is otherwise available to the court." OCGA § 42-8-36 (a) (3).

In our review of a statute we must "construe a statute according to its own terms, to give words their plain and ordinary meaning, and to avoid a construction that makes some language mere surplusage." *Kinslow v. State*, 311 Ga. 768, 771 (860 SE2d 444) (2021) (citation and punctuation omitted). The plain language of the tolling statute dictates that it shall become effective on the date "the court *enters* a tolling order[.]" OCGA § 42-8-36 (a) (3) (emphasis supplied). The State-wide Probation Act does not define "enters." See OCGA §§ 42-8-20, 42-8-21. However, when looked at in context of a court order, the plain and ordinary meaning of the word "enter" is to file the order with the clerk. See *Titelman v. Stedman*, 277 Ga. 460, 461 (591 SE2d 774) (2003) ("[t]he filing with the clerk of a judgment, signed by the

3

judge, constitutes the *entry* of the judgment, and, unless the court otherwise directs, no judgment shall be effective for any purpose until the *entry* of the same. . . .") (citing OCGA § 9-11-58 (b)) (punctuation omitted, emphasis supplied); *State v. Sullivan*, 237 Ga. App. 677, 678 (516 SE2d 539) (1999) ("What the judge orally declares is no judgment until it has been put in writing and *entered* as such. And until [a transfer] order is signed by the judge (and is filed) it is ineffective for any purpose.") (citations and punctuation omitted, emphasis supplied); *Sharp v. State*, 183 Ga. App. 641, 642 (1) (360 SE2d 50) (1987) ("It is elementary that an oral order is not final nor appealable until and unless it is reduced to writing, signed by the judge, and filed with the clerk. This constitutes '*entry*.'") (citations and punctuation omitted, emphasis supplied); OCGA § 5-6-31 ("The filing with the clerk of a judgment, signed by the judge, constitutes the *entry* of a judgment within the meaning of [the Appellate Practice Act].") (emphasis supplied).

Further, the same tolling statute provides that "[t]he clerk of court shall transmit a copy of a tolling order to the Georgia Crime Information Center within 30 days of the filing of such order." OCGA § 42-8-36 (a) (3). Giving the word "enters" its plain and ordinary meaning, as we must, OCGA § 42-8-36 (a) (3) requires that a tolling order be filed with the clerk in order to be effective.

4

The State concedes that the tolling order was not filed with the clerk of court, but nevertheless argues that it was effective because it was signed. To hold that the tolling order could be effective absent filing, as the State urges us to do, would cause the word "enters" to be mere surplusage. We should presume that the General Assembly included the word "enters" for a reason and avoid reading the statute in a way that ignores the requirements of OCGA § 42-8-36 (a) (3). See generally *Kinslow*, 311 Ga. at 774-775. Further, the sole case that the State relies upon in its argument that the un-filed tolling order was effective, *Vincent v. State*, 271 Ga. App. 138 (608 SE2d 748) (2004) (disapproved of in part by *Sentinel Offender Svcs. v. Glover*, 296 Ga. 315 (766 SE2d 456) (2014)), was decided under a prior version of the statute that had no such requirement regarding entry of the tolling order. See OCGA § 42-8-36 (2000). As the tolling order was never entered, and thus was not effective, Irving's probation was not tolled.

Irving was sentenced to serve 10 years of probation on April 16, 2012, meaning that his probation expired on April 16, 2022. Therefore, the trial court was unable to revoke Irving's probation as it had expired by the time the State filed its petition for probation revocation on June 30, 2022. The trial court's attempt to revoke part of Irving's probation sentence was, therefore, a nullity. See *Merneigh v. State*, 271 Ga.

883, 884 (525 SE2d 362) (2000). Because Irving "was no longer on probation, there was nothing for the court to revoke[.]" Id. (citation and punctuation omitted); see also OCGA § 42-8-34 (g) ("The sentencing judge shall not lose jurisdiction over any person placed on probation during the term of the person's probated sentence."). As such, we reverse the trial court's probation revocation.

2. The remaining enumeration of error is mooted by our reversal of the judgment.

*Judgment reversed. Miller, P. J., and Hodges, J., concur*.