# Court of Appeals
# of the State of Georgia

ATLANTA,  August 18, 2023

*The Court of Appeals hereby passes the following order:*

### A24D0006. GUSTAVO BURGA et al. v. PEACHTREE DIALYSIS CENTER, LLC.

Peachtree Dialysis Center, LLC ("Peachtree Dialysis") filed an action against GB Electric Services, LLC ("GB Electric") and Gustavo Burga. The trial court granted Peachtree Dialysis's motion to serve GB Electric and Burga (collectively, "defendants") by publication. Peachtree Dialysis filed a motion for default judgment, and the defendants filed a motion to dismiss the lawsuit, challenging sufficiency of service. On June 20, 2023, after a hearing, the court entered an order denying the defendants' motion to dismiss and noting that Peachtree Dialysis's motion for default judgment was not considered at that hearing. The defendants filed this application for discretionary appeal from the "default judgment" entered June 20, 2023. We lack jurisdiction.

First, there is no written order indicating that the court ruled on the motion for default judgment. Notably, although the court orally stated at the hearing that it "think[s]" Peachtree Dialysis is entitled to default judgment against GB Electric, it also stated that the motion for default judgment would be reviewed "at the appropriate time." Because the record contains no written order disposing of the motion for default judgment, we lack jurisdiction to consider that issue. See *Titelman v. Stedman*, 277 Ga. 460, 460-461 (591 SE2d 774) (2003).

Second, "[g]enerally, an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court." *Thomas v. Douglas County*, 217 Ga. App. 520, 522 (1) (457 SE2d 835) (1995); see also OCGA

§ 5-6-34 (a) (1). Inasmuch as this case remains pending below, the defendants were required to use the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – to obtain appellate review at this juncture. See OCGA § 5-6-34 (b); *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996); *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). While the defendants filed an application for discretionary review, as described in OCGA § 5-6-35, compliance with that procedure does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6- 34 (b). See *Bailey*, 266 Ga. at 833. The defendants' failure to comply with the interlocutory appeal procedure deprives us of jurisdiction over this application.

For both of these reasons, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   08/18/2023*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen*                    *, Clerk.*