# Court of Appeals of the State of Georgia

ATLANTA,  January 23, 2025

*The Court of Appeals hereby passes the following order:*

## A25D0186.  DANNY RAY DUNN v. CARYN ALISSA DUNN.

Danny Ray Dunn and Caryn Alissa Dunn divorced in 2020. Upon review of the final decree and judgment of divorce, this Court affirmed in part, vacated in part, and remanded the case with direction. *Dunn v. Dunn*, 368 Ga. App. 161 (889 SE2d 352) (2023). Since the case has been remanded to the trial court, it appears that Danny has filed at least two related actions. In November 2024, in one of the pending related actions, Danny filed motions to recuse two different trial court judges. It does not appear that the trial court has yet ruled on either of these motions. Nevertheless, proceeding pro se, Danny filed this application for discretionary appeal, in which he alleges that, on November 21, 2024, one of the judges he had sought to recuse made oral rulings on the case without first considering the motion to recuse. As explained below, we lack jurisdiction to consider this application.

As an initial matter, oral rulings are not subject to appellate review. See *Titleman v. Stedman*, 277 Ga. 460, 461 (591 SE2d 774) (2003) (explaining that a court's ruling is not subject to appellate review until it is reduced to writing, signed by the judge, and filed by the clerk). Accordingly, Danny may not seek review of the November 21 oral rulings until such rulings have been signed by a judge and entered by the trial court.

Furthermore, in his application, Danny asks this Court to issue a writ of prohibition. "Generally, the superior courts of this state have the power, in proper cases, to issue process in the nature of mandamus, prohibition, specific performance, quo warranto, and injunction, and hence the need to resort to the appellate courts for

such relief by petition filed in the appellate courts will be extremely rare." *Brown v. Johnson*, 251 Ga. 436, 436 (306 SE2d 655) (1983). Rather, the procedure to be followed before seeking to invoke this Court's original jurisdiction is to file the petition in the appropriate lower court first. See *Graham v. Cavender*, 252 Ga. 123, 123 (311 SE2d 832) (1984); *Expedia, Inc. v. City of Columbus*, 305 Ga. App. 450, 455 (2) (b) (699 SE2d 600) (2010) ("Except in the rarest of cases, litigants seeking to invoke this Court's original jurisdiction . . . must first petition the superior court for such relief."). Being a respondent, the superior court judge will disqualify, another superior court judge "will be appointed to hear and determine the matter, and the final decision" then may be appealed to this Court. *Graham*, 252 Ga. at 123. This is not one of the extremely rare instances in which this Court will exercise its original jurisdiction. Until Danny has obtained a ruling from the superior court on either of his motions to recuse or on a writ filed below, there is no basis for this Court to exercise its jurisdiction. See *Titleman*, 277 Ga. at 461; *Brown*, 251 Ga. at 436-437. Accordingly, this application is hereby DISMISSED.

Finally, we note that since he has filed his application, Danny has filed several emergency motions in this Court seeking to stay the proceedings below. This Court's Rule 40 (b) emergency powers are limited and intended to be used sparingly. Rule 40 (b) provides, in relevant part, that we may only "issue such orders or give direction to the trial court as may be necessary to preserve jurisdiction of an appeal or to prevent the contested issue from becoming moot." Because this Court is without jurisdiction to consider Danny's application, his emergency motions are hereby DENIED.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* ___01/23/2025_____

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*