# Court of Appeals
# of the State of Georgia

ATLANTA, August 11, 2025

*The Court of Appeals hereby passes the following order:*

**A26E0015.  DANNY RAY DUNN v. BRIAN MACON HOUSE, JUDGE et al.**

In his latest appearance before this Court,[1] pro se plaintiff Danny Dunn has petitioned this Court for a writ of mandamus compelling the superior court judge, Brian M. House, to disqualify from the underlying proceeding and compelling the trial court to enter written orders reflecting its decision denying Dunn permission to file certain documents in that proceeding.

Georgia's appellate courts have jurisdiction to issue writs of mandamus, but as our Supreme Court recently explained, "it will be an 'extremely rare' circumstance that would require a party to seek a writ of mandamus in [an appellate court] in the first instance, given that superior court judges have the power to issue process in the nature of mandamus against . . . trial court officials."[2] Here, there is no indication in Dunn's filing that, prior to seeking the above-described relief in this Court, he filed a petition seeking such relief in the superior court.

Until Dunn has obtained a ruling from the superior court on the relief he seeks

---

[1] Since Dunn's divorce from his ex-wife, Caryn, in 2020, he has been a frequent litigant in this Court. See, e.g., *Dunn v. House*, Case No. A25A1638 (summarizing prior appeals, dismissing appeals from trial court orders denying filing, and imposing a frivolous-appeal penalty of $500).

[2] (Citation omitted.) *Arnold v. Alexander*, 321 Ga. 330, 335 (1) n.6 (914 SE2d 311) (2025).

in this petition, there is no basis for this Court to exercise its jurisdiction.[3] This petition is, therefore, DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,___08/11/2025_____*

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[3] See *Arnold*, 321 Ga. at 335 (1) n.6; Court of Appeals Rule 40 (c) (this Court's mandamus jurisdiction is narrow and will be exercised sparingly as may be necessary in aid of our jurisdiction or to protect or effectuate our judgments). Compare *Grier v. Peed*, 276 Ga. 521 (578 SE2d 861) (2003) (after a criminal defendant filed a mandamus action seeking to compel the circuit's trial court judges to enter orders on his motions, the judges recused themselves, a different judge dismissed the petition for mandamus, and the appellate court reviewed that dismissal).